## STATE v. PRATER.

1. PLEADING—INDICTMENT—SELLING LIQUOR.—In an indictment for selling liquor, it is proper to allege a sale on a day certain, and on divers other days both before and since.

2. IBID.—IBID.—IBID.—KEEPING AND MAINTAINING A NUISANCE is continuous, and is properly alleged as being kept on a day certain, and on divers days before and since.

3. IBID.—IBID.—WORDS AND PHRASES.—The word "his" may be used in an indictment to refer to either male or female, or to one of several defendants charged "jointly," without specifying which one.

4. PRACTICE—IBID.—CHARGE.—After plea to merts and evidence thereon, where several are jointly charged with selling liquor, proper practice is not to move to quash indictment for failure to prove joint sales, but to prefer request to charge.

5. IBID.—IBID.—SELLING LIQUORS.—Under indictment for selling liquor charging joint sales, one defendant may be convicted under proof of separate sales.

6. EVIDENCE—SELLING LIQUOR.—Where indictment charges several with maintaining a nuisance by selling whiskey, and is *nolle prossed* as to one defendant, proof of sale by dismissed defendant at house of others should not be stricken out, as such proof tends' to show that sale was made for defendants, or with their knowledge and approval. ·

Before WATTS, J., Anderson, March, 1900.    Affirmed.

Indictment against Thomas Prater, Lou Prater and Thomas Hallums, in the following words, omitting the formal parts:

"That Thomas Prater, Lou Prater and Thomas Hallums, at Anderson Court House, in the county of Anderson, and State aforesaid, on the 20th day of March, in the year of our Lord 1899, and on divers other days, both before and since that day, up to the taking of this inquisition, wilfully and unlawfully did sell, barter, exchange and deliver to one Hugh Nix, H. M. Lawless, J. M. Stewart, Kirk Mauldin, spirituous, malt and other liquors containing alcohol, used as a beverage, to wit: whiskey, against the form of the statute in such case made and provided, and against the peace and dignity of the same State aforesaid. And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Thomas Prater, Lou Prater and Thomas Hallums, at Anderson Court House, in the County of Anderson, and State aforesaid, on the 20th day of March, in the year of our Lord 1899, and on divers other days, both before and since that day, up to the taking of this inquisition, did wilfully and unlawfully keep and maintain a place at the residence of Thomas Prater, in the county of Anderson, and State aforesaid, where alcoholic liquors are sold, bartered and given away, and where persons were permitted to resort for the purpose of drinking alcoholic liquors as a beverage, and where alcoholic liquors were kept for sale, barter and delivery; thereby then and there keeping and maintaining a common nuisance, against the form of the statute in such case made and provided, and against the peace and dignity

of the State aforesaid. And the jurors aforesaid, upon their oaths aforesaid, do further present, that Thomas Prater, Lou Prater and Thomas Hallums, on the 20th day of March, in the year aforesaid, at Anderson Court House, in the county and State aforesaid, did wilfully and unlawfully receive and accept for unlawful use, and did store and keep in his possession certain spirituous, malt, vinous, fermented, brewed and other liquors, to wit: seven gallons of corn whiskey, which contain alcohol and are used as a beverage, against the form of the statute in such case made and provided, and against the peace and dignity of the same State aforesaid."

From judgment against defendants, they appeal.

*Messrs. E. M. Rucker, Jr.,* and *Bonham & Watkins,* for appellants. The former cites: *"Divers other days before and since that day," is surplusage:* 17 Wend., 475; 9 Metc., 137; 26 Wis., 425; 12 Gray, 326; 2 Maron, 127; 47 Me., 449; 54 S. C., 196, 286; 45 S. C., 512; 1 Rich., 90. *Indictment must set forth all ingredients of an offense:* 1 Rich., 179; 10 Rich., 374; 2 N. & McM., 560; 14 S. C., 353.

*Mr. U. X. Gunter,* assistant attorney general, contra.

February 23, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendants were convicted and sentenced under an indictment for violations of the dispensary law, containing three counts. The first count charges defendants with selling intoxicating liquors at Anderson, S. C., to several persons named, on the 20th day of March, 1899, and "on divers other days both before and since that day," up to the time of the indictment. The second count charged defendants with keeping and maintaining a place where intoxicating liquors are sold, and where persons were permitted to resort for the purpose of drinking alcoholic

liquors as a beverage, thereby maintaining a common nuisance, on the 20th day of March, 1899, "and on divers and other days both before and since that day," up to the time of the indictment. The third count charged that defendants, at a time and place named, unlawfully did store and "keep in his possession" certain alcoholic liquor.

On the call of the case for trial, defendants moved to strike out of the first and second counts the words "on divers other days, &c.," as surplusage, and to strike out of the third count the words "in his possession." This motion was overruled, and the case proceeded. After the evidence was all in, defendants moved to quash the first count on the ground that "the alleged sales are as to joint parties and no joint sales are proven," or "to instruct the jury that they could not convict on that count if the evidence only showed separate and not joint sales." This motion was refused. The indictment originally included one Thomas Hallums as a defendant, but after true bill, the case as to him was *nolle-prossed*. After the evidence, defendants moved to have stricken out of the record any testimony as to selling any liquors by Thomas Hallums, and this motion was refused. These rulings are excepted to as error.

1. There was no reversible error in refusing to strike out the words "divers other days, &c.," as surplusage in the first count. Sec. 43 of the dispensary act, 22 Stat., 148, authorizes such an allegation in an indictment for the sale of intoxicating liquors. The cases of *State* v. *Jeffcoat*, 54 S. C., 196, and *State* v. *Couch*, 54 S. C., 286, only declare that an allegation of a sale to "divers other persons, &c.," may be stricken out as surplusage. It is argued that "divers other days" should be similarly rejected. But it has been long understood in this State that in alleging a sale of liquors to another, the *person* to whom the sale was made should be named, or identified by other descriptive circumstances, so as to allege the person to whom the sale was made with certainty to a common intent. *State* v. *Anderson*, 3 Rich., 172; *State* v. *Steedman*, 8 Rich., 312. On the

other hand, it is well settled that it is not necessary to prove the precise day, or even year, laid in the indictment, unless time is an essence of the offense. *State* v. *Reynolds,* 48 S. C., 384. In *State* v. *Anderson, supra,* under an indictment for retailing liquor on a named day, it was held competent to prove any day before the finding of the indictment. It would in no wise have benefitted defendants to have stricken out the matter referred to, since proof of a sale on other days than the day named was permissible, and hence no harm has resulted to defendants by the Court's ruling, even if it were erroneous; but we cannot hold it erroneous to refuse to strike out what it authorized by law to be alleged. If defendants were ever under necessity to plead the conviction under this indictment, it might be very important to defendants that the indictment contained the words authorized by the said statute.

2. The allegation of the words, "and on divers other days, &c.," was not improper in the second count of the indictment, because the nature of the offense charged is such as to permit it to be alleged with a *continuando.* The keeping and maintaining the nuisance charged is of a continuous nature.

3. It is alleged that the indictment in the third count was uncertain, in that it charged that defendants did "keep in his possession," without specifying which one of the defendants was thereby intended, and this, too when one of the defendants was a woman. We think there is nothing in this objection. The word "his" refers to each of the defendants, notwithstanding one may be a woman, or it may have been omitted in either case; the indictment is certain to a common intent.

4. The fourth exception alleges error in refusing to quash the indictment as to first count on the ground that the alleged sales were joint sales, when the evidence shows no joint sales, but separate sales; or in failing to instruct the jury as requested, that if the evidence showed separate sales upon the part of these defendants and

failed to show joint sales, that these defendants could not be convicted upon the first count. There was no error in refusing to quash the indictment, as here alleged; for if we assume that the motion to quash for defects not apparent on the face of the indictment may be made after plea to the merits and evidence thereon, still to have granted the motion, the Court would have been compelled to determine whether joint sales had been proven or not, and thus invade the province of the jury. Defendants' proper course at that stage was to have made request of the Court to instruct the jury in accordance with their contention, if they desired to test its correctness, preferring their request in writing, as required by the rules of the Court. This was not done. But passing over these technical objections, we think the exception in this regard cannot be sustained. Notwithstanding the defendants are charged jointly, since the offense was such as one of the defendants could commit, proof of a separate sale by one of the defendants would sustain a conviction of that defendant under the first count. In such a case the charge may be treated as a separate charge against each defendant joined. 10 Ency. Pl. and Pr., 554. It is no doubt true that evidence merely of a separate sale by one would not of itself sustain a conviction of both, in the absence of anything connecting both with such sale, but that is not the question. The charge desired would have prevented a conviction of one of the defendants upon proof of a sale by that defendant. The jury were correctly instructed in accordance with the view of this Court.

6. The third exception, alleging error in refusing to strike out the testimony as to sale by Thomas Hallums, the case as to him having been *nolle-prossed,* was not argued, although not withdrawn. It, however, cannot be sustained. The testimony was that the sales by Hallums was at the house of the Praters, and was relevant to the first and second counts, if he was acting for the Praters, or with their knowledge and approval.

The judgment of the Circuit Court is affirmed.