## STATE v. GREEN.

1. EVIDENCE—LIQUORS—INDICTMENT.—Under indictment for selling liquors, proof of sale on another day than that laid in indictment, and on date forgotten by witness but before preliminary, is competent.

2. IBID.—IBID.—IBID.—NUISANCE.—Under indictment for maintaining a nuisance by keeping for sale liquors, evidence of liquors found in adjoining room over which defendant had control, is competent.

3. EVIDENCE—OPINION.—Statement by witness that he thought he found whiskey at a certain place, held not to be an opinion, but statement of a fact about which he was uncertain.

4. IBID.—SELF-SERVING DECLARATIONS are not competent.

5. IBID.—LIQUORS—NUISANCE.—WITNESS not named in the indictment as one to whom liquors were sold, may testify as to sale by defendant to others and to facts tending to show keeping whiskey for sale.

6. IBID.—IBID.—IBID.—Under indictment for keeping and selling liquors, evidence that defendant controlled the room in which liquors were found, is competent.

Before BENET, J., Spartanburg, October, 1900. Affirmed.

Indictment against Bloom Green for selling liquors, and maintaining a nuisance by keeping whiskey for sale. From verdict of guilty and sentence thereon, defendant appeals on following exceptions, alleging that the Court erred:

"I. In allowing the witness, Henry Wilson, to testify,

over defendant's objection, that he purchased whiskey from the defendant on other days than the one named in the indictment, to wit: 8th day of April.

"II. In refusing to strike out the testimony of the witness, Henry Wilson, that he bought whiskey of the defendant, and admitted that he did not know when it was, for the reason that it might have been after the finding of the indictment in this case.

"III. In allowing the witness, R. M. Floyd, to testify, over defendant's objection, that he found whiskey in an adjoining room to the one occupied by the defendant.

"IV. In allowing the witness, R. M. Floyd, to testify, over defendant's objection, that he thought he found a bottle of whiskey in the bureau drawer where he first saw the defendant.

"V. In sustaining the objection of the solicitor in the following testimony of witness, R. M. Floyd, upon the cross-examination, to wit: Q. You don't know who occupied that room? A. No, I only know what Mr. Green told him right there. At this point the solicitor objected, and the Judge sustained the objection, saying that any statement made by defendant that makes for his benefit is not admitted.

"VI. In allowing the witness, Dave Alverson, to testify, over defendant's objection, when the said Dave Alverson's name did not appear in the indictment.

"VII. In allowing witness, Alverson, to testify that he paid Mr. Green, the defendant, to allow his furniture to stay in the room in which it was kept, over defendant's objection.

"VIII. In allowing the witness, Walter Perry, to testify, over defendant's objection, that he had bought whiskey on several occasions, over defendant's objection, that the said witness' name did not appear in the indictment, and that at the times he testified to having bought whiskey from defendant, were other than the times mentioned in the indictment.

"IX. In allowing the witness, A. L. Foster, to testify, over defendant's objection, that he had bought whiskey from the defendant at other times than the time mentioned in the

indictment, and for the further reasons that the said witness'
name did not appear in the indictment."

*Mr. C. P. Sims,* for appellant.   No argument.

*Assistant Attorney General U. X. Gunter,* contra, cites:
*Evidence of a sale before the finding of bill is competent:*
59 S. C., 271.

June 26, 1901.   The opinion of the Court was delivered
by

MR. CHIEF JUSTICE McIVER.   The defendant was in-
dicted, tried and convicted under an indictment containing
three counts, for violating the dispensary law.    In the first
count, the defendant was charged with selling spirituous
liquors, on the 8th of April, 1900, to certain persons named
in that count.    In the second  count, the defendant was
charged with unlawfully keeping and maintaining a nuis-
ance, on the 8th day of April, 1900, and on divers other
days, both before and since that day up to the taking of this
inquisition, by keeping a place where liquors were unlaw-
fully sold and where persons were permitted to resort for
the purpose of drinking alcoholic liquors, and where alco-
holic liquors were kept for sale.    In the third count, the
charge was that, on the 8th day of April, 1900, the defend-
ant did unlawfully store and keep in his possession contra-
band spirituous liquors.    From the judgment rendered the
defendant appeals to this Court upon the several exceptions
set out in the record, a copy of which will be incorporated by
the Reporter in his report of this case.

The first and second exceptions, relating to the same sub-
ject, will be considered together.   They rest upon the alle-
gation that the testimony of the witness, Henry Wilson, was
incompetent.   The point of the first exception is that the
witness named was permitted to testify that he had bought
whiskey on other days than the one named in the
indictment.   It is well settled that it is not necessary

to prove the precise day on which the offense charged was alleged in the indictment to have been committed, unless time is of the essence of the offense charged, as it, clearly, is not here. See *State* v. *Branham,* 13 S. C., at page 392, and the cases there cited; which has been expressly recognized in the recent case of *State* v. *Reynolds,* 48 S. C., at page 385, as well as the still more recent case of *State* v. *Prater,* 59 S. C., 271. As to the point made in the second exception, that the sale testified to by this witness might have been made after the finding of the indictment in this case, it may be said that this position rests upon conjecture only, for which there is not only no foundation in the "Case," but on the contrary the testimony there reported tends to show that the sale was made prior to the preliminary examination and hence, necessarily, prior to the finding of the indictment. These two exceptions must, therefore, be overruled.

The third exception, relating to the testimony of the witness, Floyd, can not be sustained for the reason that the defendant was not only charged with selling liquor to the persons named in the first count in the indictment, but was also charged, in the second count, with maintaining a nuisance, and in the third count, with keeping and storing contraband liquors, and the testimony of Floyd was quite pertinent to either of these two last charges, and was, therefore, competent; especially is this so where there was testimony tending to show that the defendant had the use and control of the adjoining room, referred to in this exception.

The fourth exception raises the question of the competency of the testimony of Floyd: "that he thought he found a bottle of whiskey in the bureau drawer where he first saw defendant;" and it is claimed, as we infer (for no argument was submitted for defendant), that "he *thought*" implied that he was expressing an opinion merely and not stating a fact. We do not think so. On the contrary, it was a statement of fact as to which he was not certain. The fourth exception must be overruled.

The fifth exception is very clearly untenable. No authority is necessary to show that there was no error in ruling out the declarations of the defendant.

The sixth exception cannot be sustained. While it is true that Dave Alverson was not named in the first count of the indictment as one of the persons to whom the defendant had sold liquor, which may have rendered him incompetent to testify that he had bought liquor from the defendant, if he had been asked whether he had bought liquor from the defendant, but he was not asked any such question, nor did he undertake to give any such testimony. The fact that his name was not mentioned in the indictment did not render him incompetent to testify as to any fact tending to sustain either or both of the charges contained in the second or third counts of the indictment. Indeed, we see no reason why he was not a competent witness to prove that he saw the defendant sell liquor to any one or more of the persons named in the first count in the indictment, as the person to whom the defendant had sold liquor; but, as a matter of fact, he gave no such testimony.

The seventh exception imputes error to the Circuit Judge in permitting the witness, Alverson, to testify that he paid the defendant for allowing his furniture to remain in the adjoining room to that occupied by defendant. There was no error in this, as it was quite pertinent as tending to show that defendant had the control of such adjoining room, and thus competent to sustain the charges contained in the second and third counts of the indictment; as the adjoining room seemed to be the place where it was claimed that defendant kept his liquor. The seventh exception is, therefore, overruled.

The eighth and ninth exceptions, imputing error to the Circuit Judge in receiving the testimony of Walter Perry and A. L. Foster, being based upon the same ground, will be considered together. The first objection—that the names of neither of these witnesses appeared in the indictment—has already been disposed of by what

has been said in considering the sixth exception; and the other objection—that the times testified to by these witnesses were other than the date specified in the indictment—is likewise disposed of by what has been said above. These exceptions must likewise be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.