### STATE v. DEWEES.

1. FORMER JEOPARDY—JURY.—Issue of fact raised in plea of former jeopardy is triable by jury.
2. IBID.—DEMURRER.—A plea by solicitor to plea by defendant of former jeopardy to the effect that offenses charged in the two indictments are distinct and different and require proof of distinct and different facts as will appear by examination of the indictments is a demurrer.
3. IBID.—Trial upon an indictment alleging breach of trust of one amount on a certain day is former jeopardy of same defendant on trial on second indictment alleging breach of trust of funds of same person in a different amount on a later day.

Before ALDRICH, J., Charleston, June, 1906. Appeal dismissed.

Indictment for breach of trust against George W. Dewees. From order sending issue of former jeopardy to jury, State appeals.

*Solicitor W. St. Julian Jervey,* for appellant, cites: *What constitutes former jeopardy:* 1 Arch. Com. P. & P., 338; Dud., 40; 2 McM., 382; 20 S. C., 392; 46 S. C., 13; 58 S. C., 368; 65 S. C., 187.

*Mr. Geo. F. von Kolnitz,* contra, cites: *Former jeopardy defined:* Art. I., secs. 5, 17, 18, Con. 1895; 53 S. C., 281;

Crim. Code, 59; 14 and 15 Vict., 100, 828. *What the plea is:* Bish. C. Proc., sec. 816, 817; 2 Cush., 15. *Solicitor may either demur or traverse:* Bish. Cr. Proc., sec. 317; 113 Mo., 200; 1 Chitty Pl., 576. *Demurrer admits facts properly pleaded:* 37 S. C., 520, 463; 38 S. C., 488. *Trial of plea is by jury:* 2 Leach, 541; 2 Russ., 721; 7 C. & P., 836; 2 Hale, 245. *Only necessary to prove time in an indictment when it enters into the nature of the offense:* 13 S. C., 392; 10 Rich., 184; 1 Leach, 445; 2 Hale, 224; 13 Mass., 245.

February 9, 1907. The opinion of the Court was delivered by

Mr. JUSTICE JONES. The defendant being arraigned upon an indictment charging breach of trust with fraudulent intent, interposed in bar a plea of former acquittal for the same offense, and exhibited the former indictment as a part of said plea, whereupon the Solicitor for the State plead as follows:

"And now comes the State of South Carolina, and demurs to the within plea, because it is apparent by said plea that the offense charged in the indictment now before the Court, and that charged in the former indictment, which has been made a part of said plea, are distinct and different, and require the proof of distinct and different facts, as will appear by examination of the two said indictments."

The defendant's counsel, conceiving this to be a traverse of the facts alleged in his plea, demanded a trial of the issue by jury, while the Solicitor contended that the Court should decide the issue upon his demurrer. The Circuit Judge construing the Solicitor's pleadings as a denial of the facts alleged in defendant's plea, was of the opinion that the issue should be submitted to a jury. The Solicitor thereupon announced that he was not ready to proceed as his witnesses were absent. That being the last day of the term, the case was ordered to be continued.

The State appeals and presents the following exceptions to the rulings of the Court:

"1. Because his Honor erred in holding that a demurrer may be tried by a jury.

"2. Because his Honor erred in holding that a reply of the State to the plea in bar is a traverse and not a demurrer.

"3. Because his Honor erred in holding that an issue of fact was raised by the pleadings which should be tried by a jury; whereas, he should have held that the only issue raised rested on the construction of the indictments, written documents, which devolved upon the Court.

"4. Because his Honor erred in holding that it is the right of the defendant to have the issue here presented tried before a jury; whereas, he should have held that the practice and usage in this State is for the Judge to try the issue arising on this plea, whether they be issues of law or fact."

No question has been raised as to the right of the State to appeal in this *status* of the case.

The plea of *autrefois acquit* is of a mixed nature and consists partly of matter of record and partly of matter of fact. The matter of fact is the averment of the identity of the offense and of the person as having been formerly acquitted. 4 Blackstone's Com., 335; 1 Archbold's Crim. Prac. & Pl., 348; Clark's Crim. Proc., 405.

If, therefore, it was correct to construe the Solicitor's response to the plea as a traverse of the facts alleged, it was proper to submit such special issue of fact to a jury, the defendant not consenting to a trial thereof by the Court. 2 Leach, 541; *Hite* v. *State,* 9 Yerg., 357; Archbold Crim. Prac., 348; 1 Bishop Crim. Proc., paragraph 816.

The Constitution guarantees the accused the right of trial by jury in all criminal prosecutions. We have said this much in response to the contention by the State under the fourth exception—that issues of fact arising on a plea of former acquittal should be tried by the Court.

We think, however, that the Circuit Court was in error in supposing that any issue of fact was raised by the pleadings. The Solicitor's pleadings was a demurrer, and, there-

fore, was an admission of all the facts alleged in the plea of former acquittal, and the issue raised was one of law only. Both indictments were before the Court for construction, to determine whether they charged offenses legally distinct, notwithstanding defendant's allegation as to identity of person and offenses, admitted by the demurrer. If the two indictments charged offenses which in their nature are so separate and distinct as to be incapable of legal identity, then defendant's allegation that they charged the same offense would not make it so, since the demurrer only admits the facts properly pleaded. But if the offenses charged in both indictments are in their nature such as may be identical in law, then the allegation as to identity admitted by the demurrer would warrant the Court in sustaining the plea of former acquittal.

In determining whether both indictments charge the same offense, the test generally applied is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first indictment. *State* v. *Glasgow,* Dudley, 12; *State* v. *Thurston,* 2 McMullan, 395; *State* v. *Switzer,* 65 S. C., 190, 43 S. E., 513.

The first indictment in this case charged defendant, as an employee of the Southern Railway Company, with a breach of trust with fraudulent intent in appropriating eight hundred and sixty-two dollars and seventy-six cents, belonging to said company and in its custody, at Charleston, S. C., on May 31st, 1905. The second indictment was in all respects like the first except that the amount charged to have been fraudulently appropriated was nine hundred and ninety-eight dollars and ten cents, and the offense was alleged to have been committed on July 31st, 1905. Both indictments were found at February Term, 1906, of General Sessions for Charleston County. The defendant was acquitted upon first indictment.

It is not necessary to prove the precise day laid in the indictment except when time enters into the nature of the

offense or is made part of the description of it. *State* v. *Branham*, 13 S. C., 392. And since a breach of trust with fraudulent intent is made larceny under the statute and is governed by the law applicable to larceny, the amount of money which was the subject of the breach of trust or larceny is not material except with reference to the distinction between grand and petit larceny. The variations between the two indictments being immaterial, there is nothing on the face of the indictments to show that they charged separate and distinct offenses. It is clear also that the facts charged in the second indictment would, if true, have sustained the first.

This view would have resulted in sustaining defendant's plea and in his discharge, but as the Circuit Court has made no adjudication on this subject we do not feel authorized to pronounce judgment to that effect. While we hold that the Circuit Court was in error, as alleged in the first, second and third exceptions, still we fail to see wherein the State has been prejudiced by the action of the Circuit Court, as the case stands continued under the order of that Court at the instance of the Solicitor. A subsequent Court is at liberty to consider the issue of law raised by the demurrer, uncontrolled by the opinion of Judge Aldrich, that the pleadings raised an issue of fact for the jury.

The appeal is, therefore, dismissed.