### 7615

### STATE v. VAN BUREN.

FORMER JEOPARDY—BAR.—Trial under an indictment charging practicing medicine without a license on the 5th day of November and on the 10th day of October, the statute contemplating each violation of its provisions is a separate offense, is not a bar to a prosecution for practicing medicine on October 28th.

Before PRINCE, J., Richland, Spring term, 1910. Reversed.

Indictment against H. Van Buren for practicing medicine without a license. From order discharging defendant on plea of former jeopardy, State appeals.

*Solicitor Cobb* and *Verner & Taylor,* for appellant, cite: 20 S. C., 406; 3 Rich. L., 174; 13 S. C., 392; 32 S. C., 94; 59 S. C., 274; 76 S. C., 16.

*Mr. Frank G. Tompkins,* contra, cites: 76 S. C., 74; 1 Rich., 172; 10 Rich., 148; 13 S. C., 392; 48 S. C., 384; 8 Rich., 312; 47 S. C., 166; 54 S. C., 237; 163 U. S., 661; 93 U. S., 18; 144 U. S., 310; Dud., 42; 2 McM., 395; 65 S. C., 190; 108 Ga., 776.

July 13, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was indicted for practicing medicine without the license required by statute. The Circuit Court, without submitting the issue to the jury, sustained the plea of former jeopardy and acquittal, and the State appeals. The portion of the first indictment material to the issue was: "* * * The jurors of and for the county aforesaid, in the State aforesaid, upon their oath, present: That H. Van Buren, * * * on the fifth day of November, in the year of our Lord one thousand nine hundred and eight, * * * did practice medicine, in that he, the said Van Buren, did prescribe for the physical ailment of another * * *. And * * * that H. Van Buren, on the 10th day of October, in the year of our Lord one thousand nine hundred and eight, * * * did practice medicine, in that he, the said Van Buren, did prescribe for a physical ailment of another * * *." On this indictment the defendant was tried and acquitted. The second indictment charged: " * * * The jurors of and for the county aforesaid, in the State aforesaid, upon their oath, present: That H. Van Buren * * on the 28th day of October, in the year of our Lord one thousand nine hundred and eight * * * did unlawfully practice medicine by prescribing for the physical ailments of Mary Crim, and by treating the physical ailments of the said Mary Crim * * *." The statute contemplates that every violation of its provisions shall be a separate offense.

The question is whether it appeared from the face of the indictments that the offenses charged were the same, so that an acquittal under the first indictment would be a bar

to a trial under the second. It will be observed that the charge in the first indictment is entirely indefinite, except as to the time; no person or place is mentioned and no circumstance of particular description except the dates of the alleged offenses. For this reason the time mentioned was a material part of the description of the offense, and it was necessary to prove the dates as alleged. The Court says, in *State* v. *Reynolds,* 48 S. C., 384, 26 S. E., 679: "It is well settled that it is not necessary to prove the precise day, or even year, laid in the indictment, except where time enters into the nature of the offense, or is made part of the description of it. *State* v. *Anderson,* 3 Rich., 176; *State* v. *Porter,* 10 Rich., 148; *State* v. *Branham,* 13 S. C., 392." The State, therefore, on the trial under this indictment was limited in its proof to showing that the defendant practiced medicine without a license on the 10th day of October, 1908, and the 5th of November, 1908. This being so, it seems perfectly clear that the defendant was never tried, and was never acquitted of any charge, except that of practicing medicine without a license on the days named. Whether he had practiced medicine on other days in violation of the statute, not being a question in issue, could not have been decided.

The test laid down as useful and generally adequate, though not infallible, by which it may be decided whether two indictments charge the same offense, is: "Would the evidence necessary to support the second indictment have been sufficient to procure a legal conviction upon the first?" *State* v. *Glassgow,* Dudley, 42; *State* v. *Thurston,* 3 McM., 395; *State* v. *Switzer,* 65 S. C., 137, 43 S. E., 513; *State* v. *Dewees,* 76 S. C., 72, 56 S. E., 674. Apply this test. Obviously evidence necessary to support the second indictment charging the practice of medicine without a license, by prescribing for the physical ailments of Mary Crim on the 28th day of October, 1908, could have been introduced, which would have been entirely insufficient

to produce conviction upon the first indictment; for no evidence would have supported the first indictment except evidence of practicing medicine on the days therein named, while the evidence necessary to support the second indictment could well have been of practicing medicine by prescribing for Mary Crim on other days than those to which the first indictment was confined. The Circuit Court, therefore, erred in laying down as a legal inference that the second indictment necessarily charged the same offense as the first. On the trial upon the second indictment no evidence of practicing medicine without a license on the days named in the first indictment will be admissible, because the defendant has already been tried for those alleged offenses and acquitted, but he has not been tried for a like offense committed at any other time, and therefore the first trial and acquittal is ineffectual as a plea against the charge alleged in the second indictment to have been committed at a different time.

This conclusion is in accord with the principle laid down in the cases in this State above cited, and the precise point has been so decided by other Courts of high authority. *State* v. *Blamut* (Ark.), 2 S. W., 190; *Commonwealth* v. *Hanley* (Miss.), 5 N. E., 468; *People* v. *Gault* (Mich.), 62 N. W., 724; 12 Cyc., 281.

The judgment of this Court is that the judgment of the Circuit Court be reversed.