7935

### STATE v. HUNTER.

1. ISSUES—INDICTMENTS.—Whether the offenses charged in each of several indictments is the same is one of fact for the jury, unless that mode of trial is waived.
2. LIQUORS—EVIDENCE.—There being evidence to show one was the agent of defendant or acting in concert with him in the sale of whiskey, it is not error to admit evidence that whiskey was bought from the agent, on trial of principal.
3. SENTENCE.—Upon conviction on two counts alleging offenses under the same statute, the fine may be double the maximum fixed for each offense.

Before J. H. MARION, Special Judge, Laurens, September term, 1910. Affirmed.

Indictment against Green F. Hunter. Defendant appeals.

*Messrs. Richey & Richey,* for appellant, cite: *Indictment must allege offense committed on certain day:* 51 S. C. 289. *The different acts constitute but one offense:* 81 S. C. 197; 120 U. S. 274; Cowp. 640.

*Solicitor R. A. Cooper,* contra.

July 3, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. At the September, 1910, term of Court of General Sessions for Laurens county, two indictments for violation of the dispensary law were found against the defendant, Green F. Hunter, in each of which there were three counts,—one for selling, one for storing and keeping

in·possession, and one for handling and delivering in the
night-time.   One charged the defendant with selling to B.
B. Hill, C. E. Roland, Sam Sloan and Nat Wallace on
December 11, 1909.   The other charged him with selling to
the same persons on December 15, 1909.   The defendant
took ·the position that he was charged in both indictments
with the same offense.   The presiding Judge ruled that the
offenses alleged on several days were separate and distinct
and that the defendant could be convicted on both indict-
ments.   At the close of the testimony for the State, the solici-
tor entered a *nolle prosequi* on the count in each indictment
charging the defendant with handling liquor in the night-
time.   Counsel for the defendant then moved the Court to
direct a verdict of not guilty, upon the ground that there was
no testimony that the defendant had sold any liquor or that
he had stored and kept any liquor.   The motion was over-
ruled.   The jury convicted defendant on both indictments,
whereupon he moved for a new trial upon the same ground
upon which he had moved for the direction of the verdict,
which motion was overruled.   When the defendant was
called for sentence, his counsel took the position that he could
not be sentenced on both indictments, as he had been con-
victed twice for the same offense.   The presiding Judge
sentenced him to six months imprisonment at hard labor or
pay a fine of $600, $100 being suspended during good
behavior.   This sentence · was written on the indictment
which charged the violation of the dispensary law on Decem-
ber 15, 1909.   The defendant was not sentenced on the other
indictment.

The record does not disclose any distinct ruling of the
Court in response to defendant's objection to being sentenced
on both indictments on the ground that he had been con-
victed twice for the same offense.·  But, as the Court ruled,
at the beginning of the trial, that the indictment charged
separate and distinct offenses, and, after hearing the evi-
dence, in response to defendant's objection and contention

above stated, imposed sentence only on one of the indictments, we construe the action of the Court as sustaining the defendant's contention that the evidence showed only one offense and that both convictions could not be sustained. In this there was no error, because the testimony was sufficient to sustain a conviction on either indictment but not on both. The evidence as to the sales was not confined to the date specified in either indictment. In fact, there was no evidence of a sale on either date, but there was evidence of sales between the 1st and 15th December, 1909, which was sufficient to sustain a conviction on either indictment, for sales on other days than that alleged in the indictment may be proved. *State* v. *Anderson,* 3 Rich. 172; *State* v. *Prater,* 59 S. C. 271, 37 S. E. 933; *State* v. *Green,* 61 S. C. 12, 39 S. E. 185. But upon such evidence the conviction on both indictments could not have been sustained. *State* v. *Van Buren,* 86 S. C. 297, 68 S. E. 568. Therefore the exception which questions the first ruling of the Court becomes immaterial, and it will not be necessary to discuss the question involved in that ruling. But see *State* v. *Cassety,* 1 Rich. 90; *State* v. *Anderson,* 3 Rich. 172; *State* v. *Steadman,* 8 Rich. 312; *State* v. *Van Buren,* 86 S. C. 297, 68 S. E. 568. The question whether the offense charged in each of several indictments is the same is one of fact to be tried by a jury, unless that mode of trial is waived. *State* v. *Dewees,* 76 S. C. 72, 56 S. E. 674.

There was no error in admitting the testimony of witnesses that they had bought whiskey from Fate Blakely at or near defendant's house, and that they had seen others buy from him, because there was testimony from which it was reasonably inferable that Blakely was defendant's agent, or that he was acting in concert with him and selling liquor from his house with his knowledge and sanction. *State* v. *Prater,* 59 S. C. 271, 37 S. E. 933; *State* v. *Marchbanks,* 61 S. C. 17, 39 S. E. 187.

The third exception charges error in the refusal to strike out the testimony of the witness Hill that Eugene Roland and Sam Sloan got whiskey at defendant's house, when it appeared from cross-examination of the witness that he did not know the fact, but was testifying from what they had told him. This exception must have been taken through inadvertence, because the record plainly shows that, on motion of defendant's attorney, so much of Hill's testimony as involved what Roland and Sloan had told him was stricken out. Moreover, it would have been harmless error, if the ruling had been as alleged, because the record shows that Roland and Sloan both testified that they got whiskey at defendant's house.

There was abundant testimony to sustain a conviction on one of the indictments, and there was, therefore, no error in refusing defendant's motion to direct a verdict of not guilty on both indictments.

There is no merit in the exception which imputes error to the trial Judge in charging the jury, "if the defendant, or any person, sells liquor * * * it is a violation of the law, and you would be entitled to find this defendant guilty." We are satisfied that there was no one of the jury so lacking in intelligence as to suppose for a moment that the Court meant to instruct the jury that defendant could be convicted upon proof that another person, with whom he had no connection, had violated the law.

The last exception charges error in imposing a greater fine than the maximum amount prescribed in the statute. Each count in the indictment charges a substantive offense,—the violation of a separate and distinct provision of the statute, which provides (24 Stat. 60, sec. 11) that for the violation of any of its provisions a fine of not more than $500 may be imposed. As defendant was convicted of violating two of its provisions, the Court may have imposed an aggregate fine of $1,000. Within the limits of the statute, the amount of fine imposed is discretionary with

the trial Court.    *State* v. *Sheppard,* 54 S. C. 178, 32 S. E,
146.

  Affirmed.