7971

STATE v. KELLY.

1. LIQUORS—PLEADINGS—INDICTMENT.—A sale of whiskey under the act of 1909, 26 Stat., 60, may be proved on the day alleged or some previous day.

2. PLEADINGS—INDICTMENT—OFFENSES—ISSUES.—Where two offenses of the same character are alleged in two different indictments, whether they are one or different offenses may become a question of fact which may be tried by a jury on demand.

3. IBID.—PROOF.—BURDEN is on appellant to show that variance between allegations and proof was prejudicial.

4. ATTORNEYS.—Remarks by solicitor with reference to action of the grand jury during trial of defendant presented by it, held not prejudicial.

5. SECOND CONVICTION—PLEADINGS—INDICTMENT.—It is not necessary that an indictment for a second offense should allege it to be such to admit proof thereof. Where two cases are tried before the same Judge, no formal proof of a second conviction is necessary.

Before ——————, J., Sumter, ——————. Affirmed.

Indictment against W. P. Kelly.    He appeals.

*Mr. Clifton,* for appellant.

*Solicitor P. H. Stoll,* contra.

July 14, 1911.   The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK.   This case was submitted at the
November term, 1910.   The appeal was dismissed without
consideration, of the merits, because appellant's attorney
filed no argument.   71 S. E. 29.   (Not reported officially.)
At the June term, 1911, appellant's attorney moved the Court
to reinstate the appeal; having satisfactorily excused his
failure to file an argument, the motion was granted, and he
was allowed to file an argument.

The appeal was heard on the following agreed statement
of facts: "That the defendant, W. P. Kelly, was tried on
June 30, 1910, for selling whiskey on October 15, 1909; and
was tried on July 1, 1910, for selling whiskey on June 23,
1910; the dates of the alleged sales being set out in the
indictments, as above.   There was a variance as to the date
alleged in the indictment alleging October 15, 1909.   The
defendant was given an alternative sentence in the case tried
June 30, 1910; and was sentenced in the case tried July 1,
1910, to one year's imprisonment, this offense being treated
as the second or subsequent offense under the act of 1909,
26 Stat., page 64.   It is admitted that the counsel for the
defendant contended in each case that, by reason of the act
of 1909, the date of sale was material, and that it must be
proved, and that the date of sale determined the second or
subsequent offense, and not the trial of the offense.   The
trial Judge held to the contrary.   It is further agreed that,

during the trial, commenced June 30, 1910, the following occurred:

"Mr. Clifton (during argument by the solicitor): We object to what the grand jury did. That is a one-sided investigation.

"The Court: The fact remains that the grand jury presented him.

"Mr. Clifton: We object to discussing what the grand jury did in the matter, because the defendant had no opportunity of meeting the witnesses there. We are willing to meet them all before this jury.

"Solicitor: I say the grand jury have done their duty, and the question is now up to you to decide.

"It is agreed that the two cases against the defendant, Kelly, are to be heard on appeal together. It is further agreed that sentence in each case was pronounced on the same day, July 9, 1910, and that there was no allegation in either indictment that the offense therein referred to was a first, second or subsequent offense, and that this objection was made by defendant's counsel before sentence."

Section 11 of the act of 1909 reads as follows: "Any person who violates any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof, be fined in a sum not less than one hundred dollars nor more than five hundred dollars, or imprisoned at hard labor for a period of not less than three months nor for more than one year; and for the second or any subsequent offense, upon conviction thereof, shall be imprisoned at hard labor for not less than one year nor more than five years."

To prevent confusion, we will dispose of the two cases separately.

## CASE TRIED JUNE 30, 1910.

The first exception assigns error in not charging that, under the act of 1909, it was necessary for the State to allege and prove a particular date, because the act provides for an

20—89

increase of the punishment for the second or any sub-
sequent offense.. That provision of the act does not
change the well settled rule, that where time is not
of the essence of the offense charged, it is not necessary to
prove the precise day alleged in the indictment, but proof
that the offense was committed on any other day before the
finding of the bill will be sufficient to sustain a conviction.
*State* v. *Anderson,* 3 Rich. 172; *State* v. *Prater,* 59 S. C.
271, 37 S. E. 933; *State* v. *Green,* 61 S. C. 12, 39 S. E. 185.
But where it would not otherwise be so, time may be made
an essential element of the offense by being made descriptive
of it; in that event, the State must prove it as alleged.
*State* v. *Van Buren,* 86 S. C. 297, 68 S. E. 568.   But in the
administration of the law, and in the application of that rule
of evidence, care must always be taken to properly safe-
guard the right of the citizen that he shall neither be put in
jeopardy nor punished twice for the same offense.

In this State, each sale of whiskey is a separate and dis-
tinct offense for which the guilty party may be convicted and
punished.   *State* v. *Cassety,* 1 Rich. 90; *State* v. *Anderson,*
3 Rich. 172; *State* v. *Steedman,* 8 Rich. 312.   There-
fore, when two or more offenses of the same char-
acter are alleged in different indictments, whether
they are the same or different offenses may become a ques-
tion of fact, to be tried by a jury, if demanded.   *State* v.
*Dewees,* 76 S. C. 72, 56 S. E. 674.   It is stated in the
record that there was a variance in the proof as to the date
alleged in this indictment.   But the extent of the variance
is not stated.   The proof of sales may have varied
from the date alleged only one or two days, or as
many weeks.   The evidence is not before us, and we
cannot say that the variance was prejudicial to any right of
appellant.   The burden is upon him to show that it was.
Neither does the record state when the indictments were
found—whether at the same or at different terms of Court.
The Court charged that the jury might convict on proof of

a sale on any day previous to the finding of the bill. If the bill in this case was found at the spring term and the other at the summer term, clearly the defendant was not prejudiced by that instruction. It is not only incumbent upon an appellant to show error, but he must also show that he was prejudiced by it. In *State* v. *Hunter, infra* 136, the defendant was tried on two indictments at the same time, both of which were found at the same term. One charged him with selling liquor on the 11th and the other on the 15th of the same month. He was convicted on both. There was such a variance in the evidence that it would have been sufficient to sustain a conviction on either indictment. Therefore, it was held that both convictions could not be sustained, and that it was proper to impose sentence in only one case.

The second exception complains of error and prejudice in the ruling of the Court as to the remarks of the solicitor during his argument. We see nothing in either which could have prejudiced appellant's case.

### CASE TRIED JULY 1, 1910.

The first and second exceptions in this case make the same point that was disposed of under the first exception in the other case.

The third exception assigns error in imposing the punishment provided by the statute for a second or subsequent offense in this case, when there was no allegation in the indictment that it was a second or subsequent offense, and no proof of that fact. It is not necessary that the indictment should contain such an allegation. *State* v. *Parris, infra* 140. The record of the former conviction was before the Court, and the defendant having been convicted for both offenses before the same Judge, no further proof was necessary.

Affirmed.