## 9126

### CITY OF GREENVILLE v. FOSTER.

#### (85 S. E. 769.)

CRIMINAL LAW.   MUNICIPAL COURTS.   APPEAL AND ERROR.

1. CRIMINAL LAW—ERRORS NOT URGED IN INTERMEDIATE COURT.—Assignments not urged in the Circuit Court from which defendant, convicted of violating a municipal ordinance, appealed, cannot be urged in the Supreme Court.

2. CRIMINAL LAW—REVIEW—PRESENTATION IN COURT BELOW.—Exceptions not urged in recorder's Court, where accused was convicted of violating a municipal ordinance, cannot be urged on appeal to the Circuit Court.

3. CRIMINAL LAW—TRIAL—CONVICTIONS.—A sentence imposed by a *de facto* Court cannot be attacked on the ground that the Court had no *de jure* organization.

4. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER—WHAT CONSTITUTES.—Const., art. V, sec. 1, declares that the judicial power of the State shall be vested in the Supreme Court and Circuit Courts, etc., and that the legislature may also establish county Courts, municipal Courts, and such other inferior Courts as may be necessary. Article VIII, section 1, declares that the General Assembly shall provide by general laws for the organization and classification of municipal corporations. *Held,* that Civil Code 1912, sec. 3001,

---

FOOTNOTE.—As to right to attack collaterally the existence or legality of a municipal corporation, see notes in 3 A. & E. Ann. Cas. 242, 11 *Id.* 1069, Ann. Cas. 1913a, 592.

. declaring that it shall be lawful for the city council of any city whose population is between 2,000 and 20,000 to establish a municipal Court, is not void as an illegal delegation of legislative powers.

Before MAULDIN, J., Greenville, September, 1914. Affirmed.

William Foster was convicted in the recorder's Court of violating an ordinance of the city of Greenville, and he appealed to the Circuit Court. From the judgment upholding the conviction, defendant appeals on the following exceptions:

1. Because the Circuit Judge erred in holding that the recorder of the city of Greenville had jurisdiction to try the defendant and that said Court was properly constituted, the error being that as the said Court was created by the city council of Greenville under the authority of the legislature, the Circuit Judge should have held that the legislature had no power to delegate the creation of this to the city council, and that said Court, so created by delegated authority, was without jurisdiction.

2. Because the Circuit Judge held that the question of the jurisdiction of the recorder was a constitutional question and should have been raised at the trial; the error being that the objection to the recorder's Court was jurisdictional in its nature and, although based upon constitutional grounds, could be raised at any time.

3. Because the Circuit Judge erred in holding: "I think that the General Assembly has the right either to directly create a municipal Court for any city in the State or it may delegate this power to the city council;" the error being the legislature has no right to create any Court save as such power is given it by the Constitution of the State and when such power is given it cannot be delegated.

4. Because the Circuit Judge erred in overruling the first exception from the recorder's Court, as follows:

The recorder erred in refusing to quash four of the warrants against the defendant upon the ground that the said warrants charged the defendant with the same offense as the first warrant of the five charged him; the error being that the five warrants charged only one offense, as the proof necessary to convict of one would have been sufficient to convict of any or all.

5. Because the Circuit Judge erred in overruling the second exception from the recorder's Court, as follows: The recorder erred in refusing to direct a verdict of not guilty upon the close of the testimony for the city upon motion of the defendant on all charges against him except the first one, which is said to have taken place on the morning of November 1st, 1913; upon the ground the other four warrants stated the same offense as the first one; the error that the five warrants charged only one offense as the proof necessary to convict of one would have been sufficient to convict of any or all.

6. Because the Circuit Judge erred in not ruling upon the third exception from the recorder's Court, as follows: The recorder erred in refusing to charge the jury the first request to charge of the defendant, which was as follows: I charge you that if you believe from the evidence that sales of liquor were made by either one or both of the defendants to the same person between the first and fourteenth days of November, 1913, inclusive, then I charge you that the evidence of any one of said sales would be competent to convict the defendant, or both of them, of the alleged sale on any other date, as time is not the nature of the defense, and that if you convict the defendant or defendants of the alleged sale on November 1st, that such conviction or acquittal is a bar to the other alleged sales, and that your verdict in reference to the alleged sales after the 1st day of November must be for the defendant or defendants for the reason that the said request to charge contained a sound proposition of law applicable to the case.

The error being the appellant had the right to have the said exception passed upon, and that the said exception contained a correct principle of law in the form of a request to charge, which was applicable to the case.

7. Because the Circuit Judge erred in not ruling upon the fourth exception from the recorder's Court, as follows: The recorder erred in refusing to charge the second request of the defendant to charge, which was as follows: If the evidence satisfies you that there were five sales between the 1st and 14th of November, 1913, to the same person, then I charge you that said sales constituted only one offense upon the ground that the said request contained a sound proposition of law applicable to the case. The error being that the appellant had the right to have the said exception passed upon in that the said exception contained a correct principle of law in the form of a request to charge which was applicable to the case.

8. Because the Circuit Judge erred in not considering the fifth exception from the recorder's Court, as follows: The recorder erred in charging the jury as follows: Each sale is a separate and distinct offense, and you may find one or both of the defendants guilty of one or all of the offenses, for the reason said charge was not the law in the case in that sales to one and the same party at different times under exactly similar circumstances constitute only one offense. The error being: (a) The defendant had the legal right to have the said exception ruled on; (b) the charge was incorrect as not stating a correct principle of law; (c) it was a charge on the facts.

9. Because the Circuit Judge erred in not passing upon the sixth exception for the recorder's Court, and which is herein set out in the case; the error being that the defendant had the legal right to have the said exception passed upon.

11. Because the Circuit Judge erred in holding that because the defendant agreed to go to trial upon all five

cases at one time that he thereby waived any rights he might have to plead that he was subject to be sentenced on only one warrant; the error being that the agreement of counsel showed that the trial was to be considered as upon separate warants and a verdict of guilty or not guilty should apply to all; that no right was thereby waived and the defendant still preserved his right to insist that he was convicted five times for the same offense.

*Messrs. Mauldin & Turner* and *Cothran, Dean & Cothran,* for appellant, cite: *As to jurisdictional question:* 17 A. & E. Enc. of L.; 10 Wall. 316. *It cannot be waived:* 19 S. C. 218; 24 S. C. 122; 25 S. C. 385. *And may be raised at any time:* 61 S. C. 114. *Legislative power cannot be delegated:* 6 A. & E. Enc. of L. 1021; 203 U. S. 520; 2 Dallas 410; 106 U. S. 466; 143 U. S. 649; 133 U. S. 208; 16 U. S. 526; 116 U. S. 654; 60 S. C. 1; 30 S. C. 519. *Identity of offense:* 89 S. C. 136; 76 S. C. 72; Dudley 12; 2 McM. 395; 65 S. C. 190.

*Mr. Wilton H. Earle,* for respondent: *Questions not presented below cannot be considered on appeal:* 76 S. C. 112; 60 S. C. 167; 21 S. C. 432. *Legislative power to establish municipal Courts:* Cooley Const. Law 386; 28 Cyc. 400; 33 Atl. 846; 88 S. C. 576. *Identity of offenses:* 1 Rich. 90; 8 Rich. 312; 89 S. C. 306; 31 S. C. 197; 58 Atl. 974; 76 S. C. 72; 64 Ga. 504; 93 S. C. 573.

July 8, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the order of his Honor, the Circuit Judge, sustaining the constitutionality of the municipal Court of the city of Greenville. The following facts appear in said order:

"Defendant was tried before the recorder of the city of Greenville and a jury on five charges of selling whiskey

in violation of the city ordinances. Formal warrants were waived by the attorneys of defendant, but it was conceded in the argument before me that at the trial before the recorder that counsel for the city and for defendant agreed that the five cases should be tried on the same testimony, before the same jury, and as if upon separate warrants. The jury found defendant guilty upon each of the charges, and the recorder sentenced him to a fine of sixty ($60) dollars, or to serve thirty (30) days on the city chain gang in each case. The exceptions which were served on the recorder and the city attorney were not argued before me. The only question argued on appeal was as to the constitutionality of the recorder's Court of the city of Greenville; appellant contending that said Court is unconstitutional, in that the legislature has delegated to the city council the creation of the Court, whereas the Constitution (art. V, sec. 1) requires the legislature to create all Courts. This question was not raised in the recorder's Court, nor by any of the exceptions. The act of 1904 (24 Statutes at Large, p. 397), amended in 1905 (24 Statutes at Large, p. 911), gives a city council of any city in this State whose population is between 2,000 and 20,000 inhabitants authority to establish by ordinance a municipal Court. This act is codified in the Civil Code of 1912 as sec. 3001, vol. I, of said Code. The city council of Greenville by an ordinance regularly created the recorder's Court for said city. The question now presented is the constitutionality of the act, codified as sec. 3001 of the Code of 1912, assuming that this question has been properly raised here."

The first question raised by the exception is whether the defendant was guilty of one or of five offenses. His Honor, the Circuit Judge, states that the exception raising this question on appeal from the sentence imposed by the recorder was not argued before him. It was, therefore, waived. We may say, however,

324     CITY OF GREENVILLE v. FOSTER.

that even if it had not been abandoned, it could not be sustained. *State* v. *Kelly,* 89 S. C. 303, 71 S. E. 987.

The next question presented by the exceptions is 2 whether the municipal Court of Greenville has jurisdiction to try the defendant.

Section 3001, Civil Code of Laws 1912, is as follows:

"It shall be lawful for the city council of any city in this State whose population by the last census was not less than two thousand, and not more than twenty thousand, * * * by ordinance duly enacted, to establish in said city a municipal Court, for the trial and determination of all cases arising under the ordinances of such city."

This provision conferred upon the city council of Greenville the power to establish the Court in question, unless said section was in violation of the Constitution. The question whether this provision was unconstitutional is not properly before this Court for consideration, as it was not raised in the recorder's Court, nor by any exception assigning error in that respect, on the appeal from the sentence imposed upon the defendant by the recorder.

3     Furthermore, the sentence was imposed by a *de, facto,* if not by a *dejure,* Court.

4     But, waiving such objection, the exception raising this question cannot be sustained.

Section 1, art. V of the Constitution, contains the provision that:

"The judicial power of this State shall be vested in a Supreme Court, in two Circuit Courts, to wit: A Court of Common Pleas having civil jurisdiction and a Court of General Sessions with criminal jurisdiction only. The General Assembly may also establish county Courts, municipal Courts and such Courts (may be established) in any or all of the counties of this State inferior to Circuit Courts as may be deemed necessary, but none of such Courts shall ever be invested with jurisdiction to try cases of murder,

manslaughter, rape or attempt to rape, arson, common law burglary, bribery or perjury."

But sec. 1, art. VIII of the Constitution, also contains the provision:

"The General Assembly shall provide by general laws for the organization and classification of municipal corporations."

These two sections must be construed together, and, when so construed, it is apparent that the General Assembly may either establish such municipal Courts as it may deem necessary, in any or all the counties of this State, or it may provide by general laws for the organization and classification of municipal corporations.

The municipal Court of Greenville is, therefore, not in conflict with sec. 1, art. V of the Constitution, and had jurisdiction to try the defendant for the offense of which he is charged. The power conferred upon the General Assembly to provide by general laws for the reorganization and classification of municipal corporations includes the power to establish municipal Courts..

Appeal dismissed.