## 7936

### STATE v. PARRIS.

1. PLEADINGS—INDICTMENT—SENTENCE.—Under a statute increasing the punishment for a second offense it is not necessary to allege in the indictment that the defendant had been previously convicted of the same offense, but such punishment only applies in case of previous conviction under the statute and not for conviction of violating a municipal ordinance.

2. CHARGE.—An illustration as to the inference to be drawn from finding whiskey in the possession of a doctor and of a notorious blind tiger, under the evidence here, is held to be a charge on the facts.

3. NEW TRIAL.—Where there is some evidence tending to support a verdict there is no error in refusing motion for new trial on ground of entire absence of evidence.

Before ALDRICH, J., Spartanburg, September, 1910. Reversed.

Indictment against J. R. Parris.    Defendant appeals.

*Mr. J. B. Atkinson,* for appellant.    Oral argument.

*Solicitor J. C. Otts,* contra, cites: *No issue of fact will be considered if there is any testimony to support verdict:* 11 S. C. 195; 24 S. C. 593; 36 S. C. 504; 69 S. C. 593.    *Charge on the facts:* 47 S. C. 563, 67 S. E. 160.

July 3, 1911.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    Appellant was convicted on an indictment which contained two counts.    The first count charged him with "keeping a place where alcoholic liquors are kept for unlawful use, and where people are permitted to

come and traffic in liquors;" and the second count charged
him with "having in his possession alcoholic liquors for
unlawful use, and storing and keeping the same." After
the formal parts, the indictment contained the following
charge: "And the jurors aforesaid, upon their oaths, do
further present that J. R. Parris has been heretofore duly
convicted for violating statutes relating to the sale of liquors
and beverages containing alcohol, by a Court of competent
jurisdiction."

Upon the call of the case for trial, defendant's attorneys
moved to strike from the indictment the allegation, above
quoted, of a previous conviction, on the ground that it was
evidentiary matter or surplusage. The motion was
refused, the Court holding that, as the statute
increased the punishment for a second or any subsequent offense, the allegation that the offense charged in the
indictment was of that character was necessary. This view
of the law is in harmony with the greater number of decided
cases in other jurisdictions. See 22 Cyc. 356, and cases
cited. But the contrary rule was established in this State in
*Smith's Case,* 8 Rich. 460, where the Court held that the
indictment need not state whether it is for the first or second
offense, though the second offense, in that case, was punishable with death, while the first offense was punishable only
with whipping. To the same effect is the case of *State* v.
*Allen,* 8 Rich. 448. We think, therefore, the motion should
have been granted.

Section 11 of the act of 1909 reads: "Any person who
violates any of the provisions of this act shall be guilty of a
misdemeanor, and, upon conviction thereof, be fined in a sum
not less than one hundred dollars nor more than five hundred
dollars, or imprisoned at hard labor for a period of not less
than three months, nor for more than one year; and for the
second or any subsequent offense, upon conviction thereof,
shall be imprisoned at hard labor for not less than one year,
nor more than five years." Under the allegation in the

indictment of a former conviction, evidence was admitted that appellant had been convicted and sentenced for violating some ordinance of the city of Spartanburg relative to intoxicating liquors. The record is very indefinite and fails to disclose the exact charge upon which he was convicted in the city court, but whatever it may have been, his conviction in that court was not sufficient to warrant an increase of punishment under the section above quoted upon his subsequent conviction in the Circuit Court for a violation of the act of 1909; for "the second or any subsequent offense," referred to in section 11 above quoted, means a second or any subsequent offense committed in violation of any of the provisions of *that act.* Therefore, the increased punishment can be imposed only upon proof of a former conviction for violation of the provisions of the act of 1909, and the conviction in the city court could not have been such, for that court has no jurisdiction of violations of that act. The imposition of any increased punishment in this case, as for a second offense, was therefore erroneous.

There was testimony that on one occasion defendant was arrested by a police officer of the city of Spartanburg, and that he had concealed on his person,—in his pockets,—seven pint bottles full of whiskey and one pint bottle about half full. On another occasion, he was arrested and two bottles of whiskey were found on his person which he had been seen to get from under a house back of a hotel. On still another occasion, his house was searched and a keg, containing four and three-quarters gallons, was found under the table in his dining room, partially concealed by the table cloth; and in the drawers of a dresser and in a trunk in his house were found eight pints and a quart bottle about half full. This indictment was based upon the finding of liquors in his house. The Court charged the jury in part as follows: "Now, how are you going to determine whether a man has liquor in his possession for a lawful purpose or for an unlawful purpose? Just as you determine any other

practical question; from the circumstances. If you see a practising physician going along in his buggy with a bottle of liquor in his possession, you would naturally infer that he is going to see a sick man, and that he is going to use that liquor for medicine; if you saw a notorious blind tiger traveling around with numbers of bottles of liquor stored about all over his person, you would naturally suppose that he was plying his trade,—you judge of those things from the circumstances." Appellant alleges that this was a charge upon the facts. The exceptions raising this point are sustained. When used in connection with the testimony in this case, the language above quoted from the charge gave the jury a very clear intimation of the opinion of the Judge as to the weight which should be given to the circumstances mentioned and the inference which should be drawn from them. *State* v. *Johnson,* 85 S. C. 265, 67 S. E. 453, and cases cited.

There was some testimony tending to support the verdict. There was, therefore, no error in refusing the motion for a new trial on the ground of an entire absence of evidence to sustain the verdict.

Reversed.