## 16571

STATE v. MITCHELL
(68 S. E. (2d) 350)

*Mr. John M. Schofield,* of Walhalla, *for Appellant,*

*Mr. Rufus Fant, Solicitor,* of Anderson, *for Respondent,*

434

December 5, 1951.

STUKES, Justice.

Appellant was convicted and sentenced in the Court of General Sessions upon indictment for driving a motor vehicle while under the influence of intoxicating liquor, and the indictment further contained the following: "That said offense is not a first offense, the said John W. Mitchell having prior thereto committed a similar offense in said State," etc. Motion to quash upon the ground that the allegation of prior offense was prejudicial for putting appellant's character in issue, was overruled, Exception thereto makes the sole question for decision upon appeal. It appears that a motion to strike, rather than to quash, would have been at least more appropriate, but that distinction is not relied upon by the State and will not be pursued.

The prosecution was under section 57 of Act No. 281 of 1949, 46 Stat. 466, 483, and the punishment is prescribed in subsec. (g), page 485, as follows: "(1.) By a fine of not less than fifty ($50.00) dollars, nor more than one hundred ($100.00) dollars; or imprisonment for not less than ten (10) days nor more than thirty (30) days, for the first offense. (2) By a fine of not less than one thousand ($1,000.00) dollars, or imprisonment for one year, or both

for the second offense. (3) By a fine of not less than two thousand ($2,000.00) dollars, or imprisonment for three years, or both for the third offense. (4) By a fine of not less than three thousand ($3,000.00) dollars or imprisonment for four years, or both, for the fourth offense or any subsequent offense."

See *State v. Patterson,* S. C., 66 S. E. (2d) 875, and *State v. McAbee,* S. C., 67 S. E. (2d) 417, for other examples of application of this statute.

It is patent that the Court of General Sessions was without jurisdiction of a prosecution for a first violation of the statute because of the punishment which is prescribed. *State v. Castleman,* 219 S. C. 136, 64 S. E. (2d) 250. Therefore the allegation of the indictment that the crime charged was a second offense was necessary to show the jurisdiction of the Court, and this consideration alone requires affirmance.

Moreover, as is said in 42 C. J. S., Indictments and Information, § 145, p. 1057, "The general rule requires an indictment or information to allege convictions of prior offenses, where such prior convictions would enhance the punishment or would affect the grade or degree of the offense charged."

In elaboration of the quoted headnote is the following at pages 1057 and 1058: "Where, in case of repeated convictions for similar offenses, the statute imposes an additional penalty, it is generally held that an indictment for a subsequent offense should allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute, although failure to do so will not necessarily foreclose the right to sentence accused as a second offender, and also that it is necessary to allege both the present offense and the previous convictions. While the averment as to prior convictions has been held to relate only to the punishment, and strictly speaking not to charge an offense, it is said in some jurisdictions that it is a portion of

the description of the offense. The fact that an averment of his previous conviction may prejudice accused in his current trial cannot override the necessity of making such allegation on the question of a more severe penalty for a subsequent offense, and such an averment is usually regarded as authorized, and not to violate the constitutional or statutory rights of accused."

The foregoing rule is also stated in 1 Bishop on Criminal Law, 9th ed., 710, 711, sec. 961. There are decisions in this jurisdiction which have usually been cited by the text writers as contrary to the general rule which has been stated, namely: *State v. Allen,* 8 Rich. 448; State v. Smith, 8 Rich. 460; *State v. Parris,* 89 S. C. 140, 71 S. E. 808; and *State v. Kelly,* 89 S. C. 303, 71 S. E. 987. However, examination of the *Allen, Smith* and *Kelly cases* shows that it was not held in them that it was prejudicial to a defendant to include in the indictment a charge that the offense was not a first offense, but only that it was not necessary that the indictment contain such an allegation in order to warrant the imposition of a heavier sentence in accord with statute if the fact of former conviction was timely brought to the attention of the court. Indeed, Kelly excepted upon appeal on the ground that the indictment did not contain the allegation of which the instant appellant complains.

*State v. Parris* is differently, but as effectually, distinguished from the case at bar. The general rule was held inapplicable, not because of resulting prejudice to the defendant perforce the allegation of former conviction, but because the latter was not for violation of the statute there involved, which prescribed increased punishment for a second offense thereunder, but had reference to former conviction for violation of a municipal ordinance which related only to the general subject of the statute. That is not at all the position of the present appellant. His point that his character was prejudicially put in issue was not discussed by the court in the *Parris case.* There was not, in fact, in that case a second offense, and the court so held.

We do not think that the case conflicts with the general rule, which latter we follow. The practice is not new in our courts. See reference to the indictment for a second offense in *Medlock v. Spearman,* 185 S. C. 296, 194 S. E. 21.

Judgment affirmed.

BAKER, C. J., and FISHBURNE and OXNER, JJ., concur.

TAYLOR, J., concurs in result.