UNITED STATES of America,
Plaintiff-Appellee,

v.

James McClellan THOMPSON,
Defendant-Appellant.

No. 78–5400.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 21, 1979.

Decided June 15, 1979.

On Rehearing Jan. 15, 1980.

Rehearing Denied April 8, 1980.

William H. Fortune, Federal Defender, Eldon L. Webb, Lexington, Ky., for defendant-appellant.

Patrick H. Molloy, U. S. Atty., Joseph L. Famularo, John A. West, Asst. U. S. Attys., Lexington, Ky., for plaintiff-appellee.

Before CELEBREZZE, KEITH and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

On November 3, 1977, the defendant allegedly stole and slaughtered a "bull cow" from a neighbor's pasture in rural Bath County in the hills of eastern Kentucky. The next day his girl friend, with whom he had been living, told an officer of the Kentucky state police about the crime and also told the officer that the defendant kept an illegal sawed-off shotgun at his house trailer. A warrant was issued authorizing a search of the house trailer for the cow and the firearm. The girl friend let the officers into the trailer pursuant to the warrant where they found the firearm but not the cow. On the basis of this and other evidence, the defendant was convicted in state court of stealing the cow and given a sentence of five years' imprisonment, and he was convicted in federal court of possession of an illegal gun under the National Firearms Act, 26 U.S.C. §§ 5861(d), 5871 (1976), for which he received a sentence of eight years' imprisonment to run consecutively and in addition to the five year state sentence—a total of thirteen years imprisonment.

The defendant appeals the federal judgment of conviction entered on the jury verdict for the firearms offense. His basic defense before the jury was that his girl friend was lying and that he knew nothing of the firearm. The case made a jury issue, and we cannot reverse on grounds that the evidence was insufficient. Neither can we reverse on grounds that three prior felony convictions were improperly admitted under Rule 609, Fed.Rules Evid. One of the convictions was for stealing the cow. Another was another firearm conviction in 1974 and the third was for attempted burglary in Oregon in 1967, for which he was discharged from prison there in 1970. Under Rule 609(a), the District Judge need not specifically find on the record, as defendant argues, that the probative value of the convictions outweighs their prejudicial effect when the government uses them to attack the defendant's credibility on cross-examination. The rule requiring a special finding of probative value does not apply to recent convictions under 609(a), although it does apply to old convictions under 609(b).

Neither can we find a defect in the search warrant. Technically it was adequate. There was probable cause to believe the firearm would be found, as it was, and the fact that police included the cow in the warrant, an item they should have known was not at the trailer, does not invalidate the warrant. The erroneous inclusion in the warrant of the cow, in addition to the gun, does not broaden the intrusion on defendant's fourth amendment privacy and property interests.

We are seriously disturbed by this case, however, even though we do not find a basis for reversal. Although the sentence is within the law, and we do not have jurisdiction to reverse because we disagree with the sentence, it seems unduly harsh and unjust—eight years for the firearm plus the five years for stealing the cow. The defendant may or may not be a "bad man," but the sentence seems out of proportion to the crime. Although there may be sentencing considerations which the record before us on appeal does not disclose, we suggest that the defendant and the government en-

ter into discussions concerning the appropriateness of the sentence with a view to petitioning the District Court for reduction of sentence. Failing sentence reduction, we suggest that the U. S. Bureau of Prisons and U. S. parole officials closely scrutinize this case and consider seriously what period of federal incarceration justice and common sense require.

Accordingly, the judgment below is affirmed.

### ON REHEARING

The Court has granted the defendant's petition to rehear two questions in this case previously decided and reported 612 F.2d 233 (6th Cir., 1979). The two questions are:

1. Did the search warrant in this case, which authorized a search for firearms, issue upon probable cause to believe that firearms were located at the place searched?

2. If not, did the search and seizure of the firearm come within any exception to the warrant requirement?

■ In our previous opinion we found that the warrant authorizing a search for firearms was valid. We were under the impression that the affidavit attached to the search warrant provided probable cause for the search for the firearm. Upon rehearing and review of this question, we now find that the affidavit upon which the warrant was granted made no mention of any facts about firearms. The affidavit cannot be read as attempting to provide probable cause for the search for a firearm. In addition, there is no indication from the record or the briefs on rehearing that the officers seeking the warrant brought any information concerning the existence or location of a firearm to the attention of the magistrate who issued the warrant. The lack of probable cause in the affidavit vitiates the search and seizure for the firearm unless the search comes within an exception to the warrant requirement.

235

The government argues in the alternative that the search was conducted by consent. The record in the case, however, does not support this contention. It is true that the defendant's girl friend consented for the officers to enter and search the defendant's mobile home. But she consented only after the officers had presented her with a search warrant authorizing entry and search of the mobile home. She did not consent to a search without a warrant. Therefore, the consent exception is not applicable.

Accordingly, the judgment entered upon defendant's conviction is reversed and the case is remanded to the District Court with instructions that the firearm in question be suppressed.