529 S.E.2d 71

**The STATE, Respondent,**

v.

**James SCRIVEN, Jr., Appellant.**

**No. 3131.**

Court of Appeals of South Carolina.

Heard Dec. 8, 1999.

Decided March 13, 2000.

Rehearing Denied May 6, 2000.

───────

Assistant Appellate Defender Aileen P. Clare, of S.C. Office of Appellate Defense, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, and Solicitor Randolph Murdaugh, III, of Hampton, for respondent.

HOWARD, Judge:

A jury convicted James Scriven of distributing cocaine and marijuana in violation of S.C.Code Ann. § 44–53–370 (Supp. 1999), and the trial court sentenced him to concurrent terms of twenty-seven years for the cocaine violation and fifteen years

for the marijuana violation, together with a $50,000 fine. Scriven appeals his convictions, asserting the trial court erred in allowing impeachment based upon prior drug-related convictions under Rule 609(a)(1), SCRE, and in sentencing him as a third offender when the indictments did not give him notice of sentence enhancement by alleging his prior offenses. We affirm in part, reverse in part, and remand to the trial court to conduct the balancing test required under Rule 609(a)(1), with instructions to grant a new trial in the event the probative value of the prior convictions is outweighed by the prejudice to the accused.

## FACTS/PROCEDURAL BACKGROUND

James Scriven was indicted by the Colleton County grand jury for distribution of cocaine, distribution of marijuana, and distribution of unlawful drugs within proximity of a school. The indictments did not allege that Scriven was previously convicted of drug offenses subjecting him to sentence enhancement as a second or subsequent offender, if convicted.

The drug transactions, which occurred several months before Scriven was arrested, were captured on audio and video tape introduced into evidence by the State.[1] The undercover narcotics officer involved in the transaction also identified Scriven at trial. Notwithstanding this evidence, Scriven denied involvement, claiming alibi as his defense. Scriven's alibi was corroborated by his ex-wife.

Over defense objection, the trial court allowed the solicitor to impeach Scriven during cross-examination by eliciting the fact that on March 7, 1990, Scriven was convicted of five drug-related offenses: conspiracy to violate the drug laws of South Carolina; distribution of cocaine within a half mile of a school; possession of cocaine; possession of cocaine with intent to distribute; and distribution of cocaine.

The jury found Scriven guilty of distribution of cocaine and marijuana. He was acquitted of the charge of distribution of cocaine within one-half mile of a school. The court enhanced Scriven's sentences based upon his prior convictions, sentenc-

---

1. Although the tape fairly clearly displays the facial features of the alleged perpetrator, we are unable to compare it with the appearance of the defendant at trial.

ing him to twenty-seven years imprisonment and a fine of $50,000 on the charge of distribution of cocaine, third offense, and fifteen years for distribution of marijuana, third offense, to run concurrently.

Scriven made a motion to reconsider his sentence on the basis that his indictments did not allege his prior offenses. The court declined to reconsider the sentence. Scriven appeals.

## ISSUES

I Can the trial court sentence a person convicted of violating S .C.Code Ann. § 44–53–370 as a third offender when the indictments do not give him notice of sentence enhancement by alleging his prior offenses?

II Did the trial court err by allowing the State to impeach the defendant with prior drug convictions pursuant to Rule 609(a)(1), SCRE?

## LAW/ANALYSIS

I Can the trial court sentence a person convicted of violating S.C.Code Ann. § 44–53–370 as a third offender when the indictments do not give him notice of sentence enhancement by alleging his prior offenses?

■ Scriven first argues that the trial court erred in sentencing him as a third offender because the indictment did not allege his prior drug convictions. We find this argument to be without merit.

■■ "No person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury...." S.C. Const., Art. 1, § 11; S.C.Code Ann. § 17–19–10 (1976); *State v. Beachum*, 288 S.C. 325, 342 S.E.2d 597 (1986). "An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon." *Carter v. State*, 329 S.C. 355, 363, 495 S.E.2d 773, 777 (1998). Where a statute increases the punish-

ment for a second or subsequent offense, the allegation that the offense charged in the indictment was of that character is unnecessary. *State v. Parris*, 89 S.C. 140, 71 S.E. 808 (1911); *see also State v. Burdette*, 335 S.C. 34, 515 S.E.2d 525 (1999).

Scriven was charged and convicted of violating S.C.Code Ann. § 44-53-370. This section makes it illegal to distribute marijuana and cocaine. Although it contains provisions for sentence enhancement upon conviction for a second or greater offense, these provisions are not elements of the offense. *See Carter*, 329 S.C. 355, 495 S.E.2d 773 (1998) (although § 44-53-375 provides that a violation of § 44-53-370 involving methamphetamine (crank) carries a greater sentence than the sentence provided for in § 44-53-370 for other Schedule II drugs, section 44-53-375 does not define a separate crime but only provides an enhanced punishment); *see also State v. Towery*, 300 S.C. 86, 87, 386 S.E.2d 462 (1989) (indictment which alleged the defendant "did traffic in cocaine by willfully, unlawfully and knowingly having in his possession a quantity of cocaine" was sufficient to confer subject matter jurisdiction notwithstanding its failure to specify the quantity of cocaine alleged to be in defendant's possession); *cf. State v. Benton*, 338 S.C. 151, 526 S.E.2d 228 (2000); *State v. Hamilton*, 327 S.C. 440, 486 S.E.2d 512 (Ct.App.1997).[2]

The indictments advised Scriven of the elements of the charged offenses and the factual allegations which supported

---

2. In *Hamilton*, the court of appeals considered the propriety of proving prior burglary or housebreaking offenses at Hamilton's first degree burglary trial. Unlike § 44-53-370, which provides for an enhanced sentence for a prior offender, burglary is separated into three different degrees. Under the legislative scheme, one way in which the State can prove the most serious offense of first degree burglary is by proving actions which are defined as one form of second degree burglary (entry into a dwelling without consent and with the intent to commit a crime) *and* that the offender has two or more prior convictions for burglary or housebreaking or a combination of both. S.C.Code Ann. § 16-11-311(A)(2) (Supp.1996). As the court held in *Hamilton*, proof of the two prior convictions thus becomes an element of the crime of first degree burglary, when charged by the State under § 16-11-311(A)(2). Therefore, the State could not be forced to accept the defendant's proposed stipulation as to the prior convictions, but was entitled to present proof of the prior offenses to the jury in order to prove first degree burglary, notwithstanding the prejudice to the defendant.

In *Benton*, our supreme court held that this statutory scheme as interpreted in *Hamilton* was not unconstitutional.

them. They stated the offenses with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he was called upon to answer and whether he could plead an acquittal or conviction thereon. Consequently, the court had subject matter jurisdiction to sentence Scriven as a third offender.

In reaching this conclusion, we believe Scriven's reliance on *State v. Mitchell* is misplaced. In *Mitchell,* the court stated the prevailing rule in this country at that time, which required "an indictment or information to allege convictions of prior offenses, where such prior convictions would enhance the punishment or would affect the grade or degree of the offense charged." *Mitchell,* 220 S.C. 433, 434, 68 S.E.2d 350, 351 (1951). However, the court further noted that South Carolina has historically followed the contrary rule. *Id.* at 436, 68 S.E.2d at 352 (citing *State v. Allen,* 8 Rich. 448; *State v. Smith,* 8 Rich. 460; *State v. Parris,* 89 S.C. 140, 71 S.E. 808 (1911); and *State v. Kelly,* 89 S.C. 303, 71 S.E. 987 (1911)).

█ Furthermore, the issue raised by the defendant and decided in *Mitchell* was the reverse of that posed here. *Mitchell* concerned a prosecution for Driving Under the Influence of Alcohol or Drugs (DUI), second offense. In a DUI prosecution, the allegation that the offense is second or subsequent is necessary to confer jurisdiction in General Sessions Court. *See also Tyler v. State,* 247 S.C. 34, 145 S.E.2d 434 (1965). In *Mitchell,* the defendant argued that the allegations concerning prior offenses should have been removed from the indictment because they were prejudicial. Consequently, *Mitchell* stands for the proposition that an indictment properly alleges a second or subsequent offense when it is necessary to establish the jurisdiction of the court, notwithstanding the possibility of prejudice to the accused arising from the allegation. *See State v. Benton,* 338 S.C. 151, 526 S.E.2d 228 (2000).

We conclude the indictments fully informed Scriven of the offenses with which he was charged, and because he was subject to the enhanced penalty provisions upon conviction, the trial court properly considered his prior convictions at the time of sentencing.

## II Did the trial court err by allowing the State to impeach the defendant with prior drug convictions pursuant to Rule 609(a)(1), SCRE?

■ Scriven next argues the trial court committed reversible error by allowing the State to impeach him with prior drug-related convictions. At the conclusion of the State's case, Scriven's attorney advised the court that Scriven intended to testify in his defense, and then moved to exclude Scriven's prior convictions on the basis that testimony as to these convictions by name would be so prejudicial to the defendant as to completely outweigh any probative value and would deprive him of a fair trial. The trial court did not entertain any argument as to the probative value for impeachment or prejudicial effect of the prior offenses to the accused. Without articulating any reasons for the decision, the trial court denied the motion. During cross-examination, the State was then allowed to impeach Scriven with the five prior drug convictions.

■ Under Rule 609(a)(1), SCRE, evidence that an accused has been convicted of a crime, which was punishable by death or imprisonment in excess of one year, is admissible for impeachment if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. The party attempting to introduce the prior conviction for impeachment purposes has the initial burden of establishing the basis for its admission. *See United States v. Cunningham,* 638 F.2d 696 (4th Cir.1981). Furthermore, the rule requires the trial judge to balance the probative value of the evidence for impeachment purposes against the prejudice to the accused. *See State v. Colf,* 337 S.C. 622, 525 S.E.2d 246 (2000) (expressly approving the five-factor analysis generally employed in federal courts for weighing the probative value for impeachment of prior convictions against the prejudice to the accused, but noting that there may be other factors which a trial judge should, in the exercise of discretion, consider under the facts and circumstances of each particular case); *see also United States v. Sanders,* 964 F.2d 295 (4th Cir.1992).

In *Colf,* our supreme court determined the obligations of the trial court when considering the admission of prior convictions which are more than ten years old under Rule 609(b), SCRE.

Unlike 609(a)(1), Rule 609(b) requires a finding by the trial judge that the probative value of the impeachment evidence *substantially* outweighs the prejudice to the accused. It also requires that this finding be supported by specific facts and circumstances. The court recognized that Rule 609(b) raises a presumption against admissibility of remote prior convictions. Consequently, the court held that in a 609(b) analysis the trial judge must carefully balance the interests involved and articulate for the record the specific facts and circumstances supporting its decision. In so ruling, the court adopted the reasoning of the Fourth Circuit Court of Appeals as expressed in *United States v. Cavender,* 578 F.2d 528 (4th Cir.1978) and *United States v. Beahm,* 664 F.2d 414 (4th Cir.1981).

Rule 609(a)(1) differs from Rule 609(b) in two important respects. First, Rule 609(a) does not include a requirement that the probative value *substantially* outweigh the prejudicial effect to the accused. Second, Rule 609(a) does not state that the decision to admit the prior conviction must be supported by specific facts and circumstances. Notwithstanding the differences between Rule 609(a) and (b), at least two courts require the trial judge to make an on-the-record finding that the probative value of admitting a prior conviction under Rule 609(a)(1) outweighs the prejudicial effect to the accused before admission. *See United States v. Preston,* 608 F.2d 626, 629 (5th Cir.1979) ("We hold today that a Trial Judge must make an on-the-record finding that the probative value of admitting a prior conviction outweighs its prejudicial effect before admitting a non–609(a)(2) prior conviction for impeachment purposes under Rule 609(a)(1). An on-the-record finding that probative value outweighs the prejudicial effect is not merely an idle gesture. Such a finding assures that the Judge has at least taken into account the relevant considerations."); *see also Peterson a/k/a Nene v. Mississippi,* 518 So.2d 632 (Miss. 1987).

■ Other courts do not require a specific on-the-record finding, as long as the record reveals that the trial judge did engage in a meaningful balancing of the probative value and the prejudicial effect before admitting a non–609(a)(2) prior conviction under 609(a)(1). *See United States v. Walker,* 817 F.2d 461 (8th Cir.1987); *Radtke v. Cessna Aircraft Company,* 707 F.2d 999 (8th Cir.1983); *Cunningham,* 638 F.2d 696 (4th Cir.1981); *United States v. Rosales,* 680 F.2d 1304 (10th

Cir.1981); *United States v. Thompson*, 612 F.2d 233 (6th Cir.1979); *United States v. Mahone*, 537 F.2d 922 (7th Cir. 1976); *United States v. Frazier*, 14 M.J. 773 (1982); *State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (Ct.App.1979); *State v. Anderson*, 336 N.W.2d 123 (N.D.1983); *Theus v. State*, 845 S.W.2d 874 (Tex.Crim.App.1992); *cf. State v. Spearin*, 428 A.2d 381 (Me.1981). We believe this to be the better rule.

However, as our supreme court observed in a 609(b) analysis, it is difficult for an appellate court to determine that the safeguards provided to the accused have been properly invoked when the trial judge does not explicitly rule that the probative value outweighs the prejudicial impact to the accused, and provide the reasons for this ruling. *See Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000). Consequently, we join with other jurisdictions in urging the trial bench to articulate its ruling and the basis for it, thereby clearly and easily informing the appellate courts that a meaningful balancing of the probative value and the prejudicial effect has taken place as required by Rule 609(a)(1).

In this case, the trial judge did not have the benefit of the guidance recently provided in *Colf*. Nevertheless, the record does not reflect that the trial judge engaged in any meaningful analysis of the relevant factors or that the court balanced the probative value against the prejudicial effect to the accused. *See id.; Beahm*, 664 F.2d 414 (4th Cir.1981) (where trial judge merely ruled that admission of 9½ year-old conviction would be constitutional and not plain error, the record did not reflect that the district court had determined as a prerequisite to admission that the probative value outweighed the prejudicial impact to the accused; thus, the defendant was denied the safeguards of Rule 609(a)).

Although Scriven acknowledged his convictions were less than ten years old and were punishable by a sentence in excess of one year, the State made no presentation as to the probative value of the convictions in support of their admission. *See Cunningham*, 638 F.2d 696 (4th Cir.1981) (burden of establishing basis for admission is on the proponent); *United States v. Smith*, 551 F.2d 348, 360 (D.C.1976); *McInnis v. Mississippi*, 527 So.2d 84 (Miss.1988).[3] The court did

---

3. In *McInnis*, the court held the proponent offering a prior arson conviction did not meet the threshold requirement of showing the

not engage in any on-the-record analysis of the probative value of these convictions, or the prejudicial impact. Neither did the court make any ruling on the record which would indicate that the court had balanced the probative value against the prejudicial impact.

Furthermore, from the colloquy between the court and counsel, we are unable to discern whether the court properly applied the burden of establishing a basis for the admission. *See Cavender*, 578 F.2d at 531 n. 7 ("It is inferable that, by simply denying the motion, the District Court could have assumed that the defendant as the proponent of the motion [to exclude the prior convictions], had the burden. Such an assumption would have been erroneous.").

The prior convictions in this case, although not ten years old (and not falling within 609(b)), are still fairly remote. They are either similar or identical to the charged offenses, and the likelihood of a high degree of prejudice to the accused is inescapable. *See Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000) (evidence of similar offenses inevitably suggests to the jury the defendant's propensity to commit the crime with which he is charged); *Sanders*, 964 F.2d at 297–98 ("The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly, if at all."). Furthermore, Scriven's defense was predicated on alibi, substantiated by his ex-wife.[4] He did not claim that he had never before been involved with drugs. *Cf. United States v. Leavis*, 853 F.2d 215 (4th Cir.1988) (where defendant's testimony on direct examination implied that he had no prior contact with drugs, evidence of prior felony drug conviction was admissible on cross-examination under broad

---

impeachment value of the conviction, notwithstanding the fact that arson is a crime of violence, where the proponent did not provide circumstances so as to enable the trial judge to determine if the arsonist was engaged in conduct indicating a tendency to lie or intentionally deceive, such as insurance fraud, or was controlled by some other motive less probative of credibility, such as pyromania.

4.  Both Scriven and his ex-wife claimed it was her birthday on the day of the alleged drug transaction, and the time of the transaction coincided with the time Scriven was with her in Charleston, approximately one hour away, buying birthday gifts and eating dinner together.

exercise of discretion analysis of Rule 403 to rebut the false impression).

■ On this record, we are unable to determine that the trial judge initially placed the burden of establishing admissibility on the State, as required by Rule 609(a). We are likewise unable to say that the trial judge conducted a meaningful analysis to balance the impeachment value of these prior convictions, if any, against the prejudicial impact, as clearly required under Rule 609(a)(1). A decision to admit this evidence without these safeguards would be an error of law, amounting to an abuse of discretion. *See State v. Smicklevich,* 268 S.C. 411, 234 S.E.2d 230 (1977).

These prior convictions were eight years old at the time of trial, approaching the degree of remoteness presumptively barring their admissibility under Rule 609(b). The similarity between the prior convictions and the charged offenses cannot be denied, and they present a great likelihood of prejudice to the accused. On the basis of this record, we are unable to say that the admission of these prior convictions was harmless error. Consequently, we remand to the trial court with instructions to hold a hearing on the admissibility of Scriven's prior convictions, applying the proper burden of establishing admissibility, and carefully weighing the probative value for impeachment of the prior convictions against the prejudice to Scriven. *See Colf,* 337 S.C. 622, 525 S.E.2d 246 (2000) (appellate court should not undertake the Rule 609(b) balancing test itself, but should remand the question to the trial court); *see also United States v. Smith,* 551 F.2d 348 (D.C.Cir.1976) (where trial judge applied wrong standard for admissibility, case remanded to conduct hearing on admissibility of prior convictions pursuant to 609(a)(1), with instructions to order new trial if, upon remand, prior convictions ruled inadmissible); *United States v. Hairston,* 495 F.2d 1046 (D.C.Cir.1974).

In the event the State does not carry its burden, or the court determines that the prejudicial impact to Scriven outweighed the probative value for impeachment, the court shall order a new trial. Otherwise, subject to further appellate review, the conviction is affirmed.

AFFIRMED IN PART, REVERSED IN PART, and RE-MANDED.

HEARN, C.J. and CURETON, J., concur.