THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

 v.

 
 
 
Douglas Jackson,       
Appellant.
 
 
 

Appeal From Aiken County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2003-UP-069
Submitted January 13, 2003  Filed 
 January 22, 2003

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia, for Appellant.
Attorney General Charles M. Condon, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson 
 and Assistant Attorney General  Melody J. Brown, all of Columbia; and Solicitor 
 Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Douglas Jackson waived presentment to the grand jury of 
 an indictment for criminal domestic violence (CDV).  He pled guilty and was 
 sentenced to thirty months incarceration for CDV, third offense.  He appeals 
 his plea and sentence asserting the plea court was without subject matter jurisdiction 
 to accept his plea.  We affirm. [1] 
FACTS/PROCEDURAL BACKGROUND
Jackson was charged with CDV for striking the mother 
 of two of his children with whom he cohabitated.  During the guilty plea hearing, 
 the plea judge asked: This is simple criminal domestic violence?  No, this 
 is greater than two?  The Solicitor responded: Yes, sir.  This colloquy was 
 followed by an interchange involving the Court and Jackson:

Q All right.  You understand
you can get up to 3 years in jail?
A Yes, sir.
Q And a fine of up to $3,000, you
understand that?
A Yes, sir.
 . . . .
Q Youre admitting that you did,
in Aiken County, South Carolina, on or about March 5, 2001, commit the crime of
criminal domestic violence, in that you did cause physical harm to [Victim], a
family or household member, or you did offer or attempt to cause physical harm
to [Victim] with the apparent present ability under circumstances reasonably
creating fear of imminent peril, and that you have had prior convictions on at
least two occasions of criminal domestic violence; youre admitting those
facts?
A Yes, sir.

Jackson indicated that he intended to waive presentment.  
 Thereafter, the following exchange occurred:

Q Mr. Jackson, theres a sheet here that purportedly has 
 your signature on it which indicates that you want to waive presentment, is 
 that your signature?
A Yes, sir.

The judge sentenced Jackson to thirty months incarceration.  
 No objection was made to the sentence.
LAW/ANALYSIS
Jackson contends the trial court lacked subject matter jurisdiction 
 to accept his guilty plea to CDV, third offense, because he waived presentment 
 of an indictment only on CDV.  We find the argument to be without merit.
Issues related to subject matter jurisdiction may be 
 raised at any time.  Browning v. State, 320 S.C. 366, 465 S.E.2d 358 
 (1995).  No person shall be held to answer for any crime unless on a presentment 
 or indictment of a grand jury.  S.C. Const. art. I, § 11; State v. Beachum, 
 288 S.C. 325, 342 S.E.2d 597 (1986).  Except for certain minor offenses, the 
 circuit court does not have subject matter jurisdiction to accept a guilty plea 
 unless there is an indictment which sufficiently states an offense, the defendant 
 has waived presentment, or the charge is a lesser included offense of the crime 
 charged in the indictment.  Browning, 320 S.C. at 368, 465 S.E.2d at 
 359.  In order for a defendant to waive presentment to the grand jury, certain 
 statutory requirements must be met.  See S.C. Code Ann. §§ 17-23-130 
 to -140 (1985).  By their plain language, sections 17-23-130 and -140 make a 
 written waiver of presentment of indictments not presented to a grand jury mandatory 
 before the trial judge can accept the plea.  Summerall v. State, 278 
 S.C. 255, 294 S.E.2d 344 (1982).
An indictment is sufficient if the offense is stated 
 with sufficient certainty and particularity to enable the court to know what 
 judgment to pronounce, and the defendant to know what he is called upon to answer 
 and whether he may plead an acquittal or conviction thereon.  Carter v. 
 State, 329 S.C. 355, 362-63, 495 S.E.2d 773, 777 (1998).  Where a statute 
 increases the punishment for a second or subsequent offense, the allegation 
 that the offense charged in the indictment was of that character is unnecessary.  
 State v. Parris, 89 S.C. 140, 71 S.E. 808 (1911); State v. Scriven, 
 339 S.C. 333, 529 S.E.2d 71 (Ct. App. 2000).
In Scriven, this Court considered whether the trial court 
 can sentence a person convicted of violating S.C. Code Ann. § 44-53-370 as a 
 third offender when the indictment did not give him notice of the sentence enhancement 
 by alleging his prior offenses.  Id.  The Court concluded that the sentence 
 enhancement was not an element of the offense.  Id.  The Court further 
 held:

 The indictments advised Scriven of the elements of the 
 charged offenses and the factual allegations which supported them.  They stated 
 the offenses with sufficient certainty and particularity to enable the court 
 to know what judgment to pronounce, and the defendant to know what he was called 
 upon to answer and whether he could plead an acquittal or conviction thereon.  
 Consequently, the court had subject matter jurisdiction to sentence Scriven 
 as a third offender.

Id. at 338-39, 529 S.E.2d at 74.
In the instant case, Jackson was charged with CDV.  
 The indictment properly charges the elements of CDV as found in S.C. Code Ann. 
 § 16-25-20 (Supp. 2001).  Jackson agreed to waive the presentation of the indictment 
 to the grand jury.  On the sentencing form, Jackson waived presentment in writing.  
 The form contains a box, which is checked by an X, next to the phrase, Defendant 
 Waives Presentment to Grand Jury.  Below this phrase is Jacksons signature.  
 The form states that Jackson pled guilty to CDV in violation of [S.C. Code 
 Ann.] § 16-25-30.  Section 16-25-30 provides: Any person who violates Section 
 16-25-20 is guilty of the misdemeanor of criminal domestic violence and, upon 
 conviction, must be fined not more than five hundred dollars or imprisoned not 
 more than thirty days.  S.C. Code Ann. § 16-25-30 (Supp. 2001).
However, the enhancement provision is in S.C. Code 
 Ann. § 16-25-40 (Supp. 2001), and reads: Any person who violates Section 16-25-20 
 after having previously been convicted of two violations of Section 16-25-20 
 . . . is guilty of a misdemeanor and, upon conviction, must be fined not more 
 than three thousand dollars or imprisoned not more than three years, or both.  
 The enhancement provision relates solely to sentencing and is not an element 
 of the crime of CDV.  See Carter v. State, 329 S.C. 355, 495 S.E.2d 
 773 (1998) (although § 44-53-375 provides that a violation of § 44-53-370 involving 
 methamphetamine (crank) carries a greater sentence than the sentence provided 
 for in § 44-53-370 for other Schedule II drugs, section 44-53-375 does not define 
 a separate crime but only provides an enhanced punishment).
The indictment upon which Jackson was charged properly 
 stated the offense with sufficient certainty and particularity to enable the 
 court to know what judgment to pronounce, and the defendant to know what he 
 was called upon to answer.  The trial judge, therefore, had subject matter jurisdiction 
 to accept a guilty plea to the charge of CDV and could consider Jacksons prior 
 offenses in sentencing him as a third offender under section 16-25-40.
Concomitantly, Jackson may not challenge the sentence 
 imposed.  As he failed to object at the time of the sentencing, the issue is 
 not properly preserved for review on appeal.  See State v. Johnston, 
 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) (noting Supreme Court has consistently 
 held that a challenge to sentencing must be raised at trial, or the issue will 
 not be preserved for appellate review.).  Additionally, the plea judge specifically 
 advised Jackson that he had prior convictions on at least two occasions of 
 criminal domestic violence.  The judge informed Jackson that he faced a maximum 
 sentence of three years incarceration.  Jackson acknowledged this was his third 
 offense and stated that he understood his possible sentence.  He agreed to plead 
 guilty only after being properly advised by the plea judge.
CONCLUSION
We find the indictment charging Jackson with CDV 
 properly conferred subject matter jurisdiction on the court to enable the judge 
 to accept a plea to CDV.  Section 16-25-40 provides for enhanced punishment 
 for a third offense, of which Jackson was properly advised during his plea.  
 We conclude the indictments fully informed Jackson of the offense with which 
 he was charged.  Furthermore, because Jackson was subject to the enhanced penalty 
 provisions for a third conviction, the plea court properly considered his prior 
 convictions at the time of sentencing.
 AFFIRMED.
 HEARN, C.J., CURETON, and ANDERSON, JJ., concur.

 
 [1] 
 We decide this case without oral argument pursuant to Rule 215, SCACR.