THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State ,       
Respondent,
 
 
 

v.

 
 
 
Willie James Mathis,       
Appellant.
 
 
 

Appeal From Greenwood County
 Wyatt T. Saunders, Jr., Circuit Court 
 Judge

Opinion No. 2003-UP-145
Submitted January 10, 2003 - Filed February 
 19, 2003

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy 
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles 
 H. Richardson, of Columbia; William Townes Jones, of Greenwood; for Respondent.
 
 
 

PER CURIAM:  Willie James Mathis argues 
 that the trial court did not have jurisdiction to sentence him as a third time 
 offender for shoplifting because the indictments did not allege third offense 
 or above.  We affirm.
FACTS/PROCEDURAL HISTORY
On June 13, 2001, a manager at Family 
 Dollar in Greenwood, South Carolina, observed Willie James Mathis put a pair 
 of hair clippers in his jacket and walk out of the store.  The manager called 
 the police and the police found Mathis nearby.  Mathis was in possession of 
 the hair clippers and several packs of lighters.
On August 19, 2001, customers at the Winn 
 Dixie in Greenwood observed Mathis putting meat products and hams in his clothing.  
 The witnesses gave police a description of Mathis.  The police again found Mathis 
 nearby.  Mathis still had the hams and meat products in his pants.  Mathis admitted 
 that he had taken the products from the Winn Dixie.
Mathis was indicted on two counts of shoplifting.  
 He pled guilty to both counts on November 13, 2001.  At the hearing, the solicitor 
 informed the judge that Mathis had at least two prior shoplifting convictions.  
 For the June 13, 2001 shoplifting conviction, the judge sentenced Mathis to 
 three years confinement with credit given for sixty-two days jail time already 
 served.  For the August 19, 2001 shoplifting conviction, the judge also sentenced 
 Mathis to three years confinement with credit given for sixty-two days already 
 served.  The judge ordered these sentences to run concurrently.
LAW/ANALYSIS
On appeal, Mathis argues that the trial 
 judge did not have jurisdiction to accept the guilty pleas and sentence Mathis 
 for shoplifting, third offense or above, because the indictments did not allege 
 that these charges were third offense or above.  
Mathis was indicted for shoplifting items 
 with a value of one thousand dollars or less.  South Carolina Code section 16-13-110 
 provides that a person found guilty of shoplifting is guilty of a:
misdemeanor triable in magistrates court and, upon conviction, 
 must be fined not more than five hundred dollars or imprisoned not more than 
 thirty days if the value of the shoplifted merchandise is one thousand dollars 
 or less.  
S.C. Code Ann. § 16-13-110(B)(1) (Supp. 2001).  
 Section 16-1-57 of the South Carolina Code provides:  A person convicted of 
 an offense for which the term of imprisonment is contingent upon the value of 
 the property involved must, upon conviction for a third or subsequent offense, 
 be punished as prescribed for a Class E felony.  S.C. Code Ann. § 16-1-57 (Supp. 
 2001).  A Class E felony provides for a sentence of not more than ten years.  
 See S.C. Code Ann. § 16-1-20(A)(5) (Supp. 2001).
Mathis cites State v. Hamilton, 
 327 S.C. 440, 486 S.E.2d 512 (Ct. App. 1997) as support for his argument that 
 the indictment must allege third offense or above in order for the accused to 
 be sentenced as such.  We acknowledge that the court in Hamilton states 
 that prior convictions of burglary, when used to enhance a charge to first-degree 
 burglary, are an element of the offense.  However, prior convictions are an 
 element of the offense of first-degree burglary by virtue of the statute.  South 
 Carolina Code section 16-11-311 provides that a person is guilty of burglary 
 in the first degree when the burglary is committed by a person with a prior 
 record of two or more convictions for burglary or housebreaking or a combination 
 of both.  S.C.Code Ann. § 16-11-311(A)(2) (Supp. 2001).
In State v. Scriven, 339 S.C. 333, 
 529 S.E.2d 71 (Ct. App. 2000), the appellant was convicted and sentenced under 
 South Carolina Code section 44-53-370, which makes it illegal to distribute 
 marijuana and cocaine.  The appellant argued that the trial court erred in sentencing 
 him as a third time offender because the indictment did not allege his prior 
 drug convictions.  However, this Court found: Although [section 44-53-370] 
 contains provisions for sentence enhancement upon conviction for a second or 
 greater offense, these provisions are not elements of the offense.  Id. 
 at 338, 529 S.E.2d at 73.  Where a statute increases the punishment for a second 
 or subsequent offense, the allegation that the offense charged in the indictment 
 was of that character is unnecessary.  Id. at 337-38, 529 S.E.2d at 
 73.         
Section 16-1-57 does increase the 
 punishment for a third or subsequent offense for crimes such as shoplifting.  
 However, section 16-13-110, which defines the offense of shoplifting, does not 
 make prior convictions an element of the offense.  Therefore, it was not necessary 
 to allege third or subsequent offense in the indictment.  See Browning 
 v. State, 320 S.C. 366, 465 S.E.2d 358 (1995) (true test of sufficiency 
 of an indictment is whether it contains the necessary elements). 
For the foregoing reasons, we hold that the trial 
 judge did not err in accepting Mathiss guilty pleas and sentencing him for 
 shoplifting, third or subsequent offense, even though the indictment did not 
 allege that this was a third or subsequent offense.  The decision of the trial 
 court is
 AFFIRMED.
HEARN, C.J., GOOLSBY, and SHULER, JJ., concur.