**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Stephon Robinson, Appellant.

Appellate Case No. 2011-202987

———————————

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-068
Submitted December 1, 2013 – Filed February 19, 2014

———————————

**REMANDED**

———————————

Appellate Defenders Dayne C. Phillips and Carmen Vaughn Ganjehsani, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Stephon Robinson appeals his convictions for first-degree burglary and possession of a weapon during the commission of a violent crime. Robinson argues the trial court erred in admitting his prior convictions and failing

to conduct an on-the-record balancing test weighing the probative value of the prior convictions against their prejudicial effect. Specifically, Robinson contends the trial court erroneously admitted his 2009 conviction for attempted robbery and two 2007 Georgia convictions for breaking into an automobile with intent to commit a theft or felony. We remand.

Examining the record, we conclude the trial court did not conduct a meaningful analysis balancing the impeachment value of Robinson's prior convictions against their prejudicial effect. *See State v. Scriven*, 339 S.C. 333, 344, 529 S.E.2d 71, 76 (Ct. App. 2000) (stating the trial court must conduct "a meaningful analysis to balance the impeachment value of [a defendant's] prior convictions, if any, against the prejudicial impact, as clearly required under Rule 609(a)(1)[, SCRE]"). Although the trial court found Robinson's prior convictions were "within the statute" and ordered the State to refer to his 2009 second-degree burglary conviction as a "felony," the trial court did not analyze the prejudicial impact of admitting his 2009 attempted robbery conviction and two 2007 Georgia convictions for breaking into an automobile with intent to commit a theft or felony. *See id.* (stating if the trial court does not conduct a meaningful on-the-record balancing test, a decision to admit a defendant's prior convictions is an error of law resulting in an abuse of discretion).

On remand, the trial court should hold a hearing and carefully balance the probative value of his prior convictions for impeachment purposes against their prejudicial effect. If the trial court finds the prejudicial impact of the prior convictions outweighs their impeachment value, the trial court shall order a new trial. Otherwise, subject to further appellate review, the convictions and sentences are affirmed. *See State v. Howard*, 384 S.C. 212, 222, 682 S.E.2d 42, 48 (Ct. App. 2009) (remanding for an on-the-record balancing test weighing the probative value of the defendant's prior convictions against their prejudicial effect); *Scriven*, 339 S.C. at 344, 529 S.E.2d at 77 (remanding to the trial court "with instructions to hold a hearing on the admissibility of [the defendant's] prior convictions, applying the proper burden of establishing admissibility, and carefully weighing the probative value for impeachment of the prior convictions against the prejudice to [the defendant]").

**REMANDED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**