**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kelvin Gantt, Appellant.

Appellate Case No. 2019-001052

---

Appeal From Colleton County
Steven H. John, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-392
Submitted October 1, 2021 – Filed November 3, 2021

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Kelvin Gantt appeals his convictions for attempted murder and possession of a weapon during a violent crime and concurrent sentences of twenty years' imprisonment for attempted murder and five years' imprisonment for

possession of a weapon.  On appeal, Gantt argues the trial court committed an error of law by not conducting an on-the-record analysis of the *Colf*[1] factors and abused its discretion by allowing the admission of his previous conviction for possession of cocaine for impeachment purposes.

The record reflects the trial court conducted a meaningful balancing test as required under Rule 609, SCRE, and *Colf* to determine whether the probative value of the conviction outweighed its prejudicial effect.  Therefore, we find the trial court did not abuse its discretion in admitting Gantt's previous conviction for possession of cocaine into evidence.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Dunlap*, 346 S.C. 312, 324, 550 S.E.2d 889, 896 (Ct. App. 2001) ("The admission of evidence concerning past convictions for impeachment purposes remains within the trial [court's] discretion, provided the [trial court] conducts the analysis mandated by the evidence rules and case law."); Rule 609(a)(1) ("For the purpose of attacking the credibility of a witness . . . evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . ."); *State v. Robinson*, 426 S.C. 579, 595, 828 S.E.2d 203, 211 (2019) ("[U]nder Rule 609(a)(1) . . . the trial court must balance the *Colf* factors and determine whether the probative value of the conviction outweighs its prejudicial effect to the accused."); *Colf*, 337 S.C. at 627, 525 S.E.2d at 248 (explaining when considering the admissibility of a witness's prior conviction, the trial court should consider (1) the "impeachment value" of the prior conviction, (2) the timing of the prior conviction, (3) the "similarity between the past crime and the charged crime," (4) the importance of the defendant's testimony, and (5) whether the defendant's credibility is a central issue in the case); *State v. Elmore*, 368 S.C. 230, 238-39, 628 S.E.2d 271, 275 (Ct. App. 2006) ("The current state of the law does not mandate the trial court make an on-the-record specific finding 'as long as the record reveals that the trial judge did engage in a meaningful balancing of the probative value and the prejudicial effect before admitting a non-609(a)(2) prior conviction under 609(a)(1).'" (quoting *State v. Scriven*, 339 S.C. 333, 341, 529 S.E.2d 71, 75 (Ct. App. 2000))).

---

[1] *State v. Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000).

**AFFIRMED.**[2]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.