**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Clifton Eugene Smith, Appellant.

Appellate Case No. 2019-001975

---

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-167
Submitted March 1, 2022 – Filed April 6, 2022

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

---

**PER CURIAM:**  Clifton Eugene Smith appeals his conviction and sentence of fifteen years' imprisonment for assault and battery of a high and aggravated nature. On appeal, he argues the trial court abused its discretion in not allowing him to

impeach the testimony of the victim by introducing the victim's prior convictions for possession of methamphetamine, first and second offense; the use of a communication facility in commission of a felony involving a controlled substance; failure to stop for a blue light; and fleeing or attempting to elude a police officer. We affirm.

The trial court did not abuse its discretion in refusing to allow Smith to impeach the victim's testimony with the introduction of the victim's prior convictions for possession of methamphetamine, first and second offense; the use of a communication facility in commission of a felony involving a controlled substance; and failure to stop for a blue light.[1] *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Dunlap*, 346 S.C. 312, 324, 550 S.E.2d 889, 896 (Ct. App. 2001) ("The admission of evidence concerning past convictions for impeachment purposes remains within the trial [court's] discretion, provided the [trial court] conducts the analysis mandated by the evidence rules and case law."); *State v. Elmore*, 368 S.C. 230, 238-39, 628 S.E.2d 271, 275 (Ct. App. 2006) ("The current state of the law does not mandate the trial court make an on-the-record specific finding 'as long as the record reveals that the trial [court] did engage in a meaningful balancing of the probative value and the prejudicial effect before admitting a non-609(a)(2)[, SCRE] prior conviction under 609(a)(1).'" (quoting *State v. Scriven*, 339 S.C. 333, 341, 529 S.E.2d 71, 75 (Ct. App. 2000))); Rule 609(a), SCRE (allowing the credibility of a witness, other than an accused, to be attacked by evidence that the witness has been convicted of a crime (1) punishable by either "imprisonment in excess of one year" or (2) "involv[ing] dishonesty or false statement"); *Colf*, 337 S.C. at 627, 525 S.E.2d at 248 (holding a trial court should analyze the following factors when determining whether the probative value of admitting a prior conviction outweighs its prejudicial effect: "1. The impeachment value of the prior crime[;] 2. The point in time of the conviction and the witness's subsequent history[;] 3. The similarity between the past crime and the charged crime[;] 4. The importance of the defendant's testimony[; and] 5. The centrality of the credibility issue."); *State v. Robinson*, 426 S.C. 579, 595, 828 S.E.2d 203, 211 (2019) ("[U]nder Rule 609(a)(1) . . . the trial court must balance

---

[1] As to whether the victim's prior conviction for fleeing or attempting to elude a police officer is admissible pursuant to Rule 609(a)(1), SCRE, and the *Colf* factors, this issue is not preserved for appellate review. *See State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

the *Colf* factors and determine whether the probative value of the conviction outweighs its prejudicial effect . . . ."); *State v. Bryant*, 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006) ("Violations of narcotics laws are generally not probative of truthfulness."); *State v. Black*, 400 S.C. 10, 21, 732 S.E.2d 880, 887 (2012) ("The tendency to impact credibility . . . determines the impeachment value of the prior conviction.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.