**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

James Winston Almond, Appellant.

Appellate Case No. 2020-001397

———————

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-183
Submitted April 1, 2023 – Filed May 17, 2023

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor David Michael Pascoe, Jr., of
Orangeburg, all for Respondent.

———————

**PER CURIAM:** James Winston Almond appeals his conviction for first-degree
burglary and sentence of life imprisonment without the possibility of parole. On
appeal, Almond argues the trial court abused its discretion by admitting his prior

convictions for armed robbery and possession of methamphetamine without conducting an on-the-record analysis of the *Colf* factors.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the record reflects the trial court conducted a meaningful balancing test as required under *Colf* and Rule 609 of the South Carolina Rules of Evidence to determine whether the probative value of the convictions outweighed their prejudicial effect.  *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Elmore*, 368 S.C. 230, 238-39, 628 S.E.2d 271, 275 (Ct. App. 2006) ("The current state of the law does not mandate the trial court make an on-the-record specific finding 'as long as the record reveals that the trial judge did engage in a meaningful balancing of the probative value and the prejudicial effect before admitting a non-609(a)(2) prior conviction under 609(a)(1).'" (quoting *State v. Scriven*, 339 S.C. 333, 341, 529 S.E.2d 71, 75 (Ct. App. 2000))).

Additionally, we hold the trial court did not abuse its discretion in admitting Almond's previous convictions for armed robbery and possession of methamphetamine because the *Colf* factors weighed in favor of admissibility.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Dunlap*, 346 S.C. 312, 324, 550 S.E.2d 889, 896 (Ct. App. 2001) ("The admission of evidence concerning past convictions for impeachment purposes remains within the trial [court]'s discretion, provided the [trial court] conducts the analysis mandated by the evidence rules and case law."); Rule 609(a)(1), SCRE ("For the purpose of attacking the credibility of a witness, . . . evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . ."); Rule 609(b), SCRE ("Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . . ."); *Colf*, 337 S.C. at 627, 525 S.E.2d at 248 (explaining that when considering the admissibility of a witness's prior conviction, the trial court should consider (1) the "impeachment value" of the prior conviction, (2) the timing of the prior conviction, (3) the "similarity between the past crime and the charged crime," (4) "[t]he importance of the defendant's testimony," and (5) whether the defendant's

---

[1]*State v. Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000).

credibility is a central issue in the case); *State v. Black*, 400 S.C. 10, 21-22, 732 S.E.2d 880, 887 (2012) ("Impeachment value refers to how strongly the nature of the conviction bears on the veracity, or credibility, of the witness."); *State v. Robinson*, 426 S.C. 579, 599, 828 S.E.2d 203, 213 (2019) ("Although prior convictions for robbery, burglary, theft, and drug possession are not crimes of dishonesty or false statement, which would result in automatic admissibility under Rule 609(a)(2), such convictions may still have impeachment value under Rule 609(a)(1)."); *id.* at 599-600, 828 S.E.2d at 214 (holding the trial court did not abuse its discretion in admitting evidence of the defendant's prior convictions for strong arm robbery and breaking and entering because "[i]t was within the trial court's discretion to conclude that because [the defendant] has prior convictions for such offenses, [the defendant] legitimately might not be considered credible"); *id.* at 598, 828 S.E.2d at 213 ("The purpose of the impeachment is not to show the witness is a bad person but rather to show background facts which impact the witness's credibility."); *State v. Bryant*, 369 S.C. 511, 517-18, 633 S.E.2d 152, 156 (2006) ("[W]hen the prior offense is similar to the offense for which the defendant is on trial, the danger of unfair prejudice to the defendant from impeachment by that prior offense weighs against its admission."); *Robinson*, 426 S.C. at 600-02, 828 S.E.2d at 214-15 (holding that the trial court did not abuse its discretion by weighing the similarity factor in favor of admission because robbery "involve[s] different conduct than burglary"); *id.* at 606, 828 S.E.2d at 217 ("[W]hen credibility is central to a case, the introduction of prior convictions for impeachment purposes becomes even more legitimate.").

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.